## WOODWARD, FAXON & CO. v. GEORGE W. CLARK.

BRANCH STORE—*Partner or Sole Owner.* C., a retail dealer at Cherokee, and a customer of plaintiffs, wrote to them that he intended to put in a small stock at McCune, and ordered goods therefor. After some correspondence the goods were shipped, and the store at McCune started. Subsequently in writing to them, he spoke of such store as his branch. He in fact owned the goods which were placed in such branch store, and placed them there under a contract with one H. by which the title to the goods was to remain in C., and H. was simply to have all the profits above twelve and one-half per cent. for his services in managing

the branch. After running about a year, C. took possession of the goods unsold and removed them to his store at Cherokee. The plaintiffs knew nothing of the terms of this agreement between C. and H., and all the information they had was that received from the letters of C. *Held*, That they had a right to consider C. as either partner or sole owner of the branch store at McCune, and to recover from him for goods sold and shipped to such store.

### *Error from Crawford District Court.*

ACTION brought by B. W. Woodward, F. A. Faxon and J. C. Horton, partners as *Woodward, Faxon & Company*, against *George W. Clark* and another, alleged to be partners under the firm-name of C. B. Hoover, to recover $231.83 for goods sold and delivered to the defendants. Trial at the September Term, 1882, of the district court, H. G. W., judge *pro tem.*, presiding, and judgment for defendant *Clark*. The plaintiffs bring the case here. The opinion states the facts.

*Van Syckel & Wells*, for plaintiffs in error.

*M. Wygant*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by plaintiffs in error, plaintiffs below, against the defendant and one C. B. Hoover, alleged to be partners doing business under the firm-name of C. B. Hoover. This defendant filed a separate answer, and the case was tried between him and the plaintiffs upon the issues raised by said answer. The case was tried by the court without a jury. After the plaintiffs had rested, a demurrer to the evidence was interposed and sustained. Judgment was thereafter entered in favor of the defendant, and now the plaintiffs come here for review.

As the case was tried without a jury, the practical effect of the demurrer was a submission of the case to the court upon the plaintiffs' testimony, and the question now is whether that testimony warranted the conclusion reached. The case was submitted by the plaintiffs solely upon depositions and other written testimony. It comes before us for

examination very much as it was presented to the district court, and not as though it had been tried on oral testimony. (*Durham v. C. C. & M. Co.*, 22 Kas. 232.) At the outset of the trial everything was admitted but the partnership of the defendants. The single question therefore is, whether the testimony showed that the defendant was a partner, or liable as a partner, for the goods purchased of plaintiffs. Prior to the transaction hereafter mentioned, defendant had been carrying on a drug store in his own name at the town of Cherokee, and was a customer of plaintiffs. On June 21, 1881, he entered into a written agreement with his co-defendant, Hoover. This agreement provided in substance that defendant should furnish to Hoover a stock of drugs, etc., to be sold by Hoover at the town of McCune, the stock to remain the property of the defendant, but to be managed by Hoover at his own cost and expense, the latter to have all the profits over twelve and one-half per cent. It was further provided that the defendant should have the right to take possession of and move the stock whenever he should deem himself insecure; also, that "the said G. W. Clark, it is further agreed, shall do all the purchasing of goods necessary to replenish said stock of goods, and to have the said ownership and same right to all of said goods purchased, and the same percentage of the profits, as of the original stock of goods by this agreement to be furnished." Now whether this agreement created a partnership we shall not stop to consider, for its terms were not made known to plaintiffs until after the goods were sold and delivered. On the day on which this contract was entered into between defendant and Hoover, defendant wrote a letter to·plaintiffs which contained among other things the following:

"Also, order for shelf-ware and fixtures; this out of the usual order; some for me. I have concluded to put in a small stock at McCune. There is but one stock of drugs there, and that mixed with general merchandise, and quite small, and I consider it a good point and shall have it in shape to have the 'inside track.' Hope to make it profitable to both you and me, and should you consider my order

favorably, please fill it at your earliest convenience. Shall be able to fill out most of stock from house here. Am in hopes to be competent to increase my orders some, though, in future."

To this letter the plaintiffs replied with some objections, and thereupon defendant wrote the following :

"Yours received, and contents noted. I am sorry to know that you look with distrust on my McCune enterprise. It is disagreeable to do business when there is want of confidence. Of course, I think it will pay, and believe I have made myself safe. I have stuck pretty close to you and paid you considerable money, and do not complain of my treatment at your hands. My business, too, steadily increases, until you must know I am doing a fair little trade. The goods I ordered were not wholly for McCune, but mostly for me here. I expected them on as usual, and should not have sent for them if I did not think I could pay for them."

On the strength of these letters the goods ordered were shipped. Subsequent orders came directly from Hoover at McCune, and were filled by plaintiffs. The business was thus carried on for about a year, when defendant took possession of the goods unsold, and removed them to his store at Cherokee. About the middle of the year plaintiffs received a letter from defendant containing the following:

"I expect to be able to lessen the amount I am behind with you, soon. My branch has not sold the goods I expected (it was a mistake), still I am in no way the loser by the venture as yet; am expecting to close it out by sale."

Now upon these facts we entertain no doubt that defendant was liable as a partner for the goods purchased of plaintiffs for this branch store. He failed to inform plaintiffs of the exact nature of the agreement between himself and Hoover; he personally ordered the first goods, notified them that he was going to put in a stock at McCune, and afterward spoke of it as his branch. Plaintiffs had a right to consider him as responsible, no matter in whose name the branch was conducted.

We therefore think the court erred in holding the defend-

6—30 KAS.

ant not liable, and the judgment will be reversed, and the case remanded for a new trial.

All the Justices concurring.