No. 12,477.

*JOHN W. TATE and W. H. TRYON, *Plaintiffs in Error,* v. A. D. CROOKS and J. L. COOK, *Defendants in Error.*

Appeal from Wilson district court; L. STILLWELL, judge. Opinion filed March 8, 1902.  Reversed.

*W. R. Cowley,* of Kansas City, Mo., for plaintiffs in error.

*S. S. Kirkpatrick,* and *Byron Kirkpatrick,* both of Fredonia, for defendants in error.

*Per Curiam:*  This was an action to charge plaintiffs in error as partners, with others, under the firm name of the Southwest Produce Company, upon a contract made by said company; and whether they were such partners was the determinative fact litigated.  All of the evidence upon that point was presented to the trial judge, sitting as a jury, in the form of a deposition, and is found in the record.  We are thus practically in the same position to determine this question of fact as was the trial judge.  (*Durham v. C. C. & M. Co.,* 22 Kan. 232; *Woodward, Faxon & Co. v. Clark,* 30 Kan. 78, 80, 2 Pac. 106.)

The witness who testified as regards this matter was one of

* NOTE.—This case was not reported in full when the case was decided (see 64 Kan. 887), and is reported here because it was cited in the case of *Sutton v. Railway Co.,* ante, p. 282.

the plaintiffs in error, who explicitly denied the partnership. It is claimed by the defendant in error, however, that the circumstances testified to by him were such as to create a partnership as a matter of law. The facts were briefly as follows: Two brothers by the name of Anderson desired to engage in buying and selling produce, principally potatoes. Their plan was for one of them to go to northern potato-producing states, purchase by the carload and ship to customers who had been obtained by the solicitation of the other operating in Kansas. The plaintiffs in error loaned these parties money with which to make these purchases, collected drafts made on their customers, kept their books, and to some extent conducted their correspondence. They were to have as compensation for the use of the money what potatoes they needed in their business, which was that of retail grocers, at cost price. A bond was given by the Andersons to repay this money. We do not think that this contract constituted plaintiffs in error partners with Andersons. We think that the court below, in holding that it did, was in error.

The judgment of the court below will be reversed and the case remanded for further proceedings.