SOL. L. LONG AND E. B. PLACE, *as Partners, etc.,* v. I. N. THOMPSON.

No. 14,463.   (84 Pac. 552.)

SYLLABUS BY THE COURT.

1. AGENCY—*Sale of Real Estate—Commission.* An owner of real estate who desires to sell the same and who employs an agent to procure a purchaser therefor, at a price stated and upon terms to be thereafter mutually agreed to by such owner and purchaser, is liable to such agent for a commission when the latter produces a buyer who agrees with the owner to take the land at the price and upon the terms fixed by such owner, and is ready, willing and able to carry out the contract, whether a sale is actually made or not.

2. ———— *Petition Held Sufficient.* The amended petition in this case examined and found sufficient.

Error from Elk district court; GRANVILLE P. AIKMAN, judge.   Opinion filed February 10, 1906.   Reversed.

*Sol. L. Long, C. S. Beekman,* and *Oscar M. Yount,* for plaintiffs in error.

*W. S. Fitzpatrick,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The plaintiffs were real-estate agents at Grenola, Kan. The defendant was the owner of land in that vicinity which he desired to sell. He employed plaintiffs to procure a purchaser, and agreed to pay them the sum of $300 therefor. The agents claim that they found a purchaser, but the owner refused to pay the commission. An action was brought by them in the district court of Elk county to recover the amount due for their services. A general demurrer was sustained to the first cause of action stated in the petition. Thereafter an amended petition was filed. A general demurrer was filed to the first cause of action in the amended petition, and sustained. Plaintiffs declining to plead further, judgment was entered against them for costs as to the first cause of action, and they bring the case here, assigning that ruling as error. Judgment was rendered in favor of plaintiffs on the remaining cause of action, upon confession of defendant.

The cause of action demurred to, aside from the preliminary averments, was stated in the amended petition as follows:

"Second: That on or about the ———— day of July, A. D. 1902, said defendant employed plaintiffs to procure a purchaser for certain tracts of land owned by him and situate in the counties of Elk and Cowley, in the state of Kansas, for the sum of seven thousand three hundred dollars, and said defendant then and there promised and agreed to pay to the said plaintiffs the sum of three hundred dollars for procuring a purchaser at the sum aforesaid, said sum to be paid upon such terms and in such manner as could be mutually agreed upon between the purchaser so procured by plaintiffs and the said defendant.

"Third: That in pursuance of said agreement, verbally had between plaintiffs and defendant, said plaintiffs procured a purchaser for defendant's land and took such purchaser to said defendant, and such purchaser, so as aforesaid procured by plaintiffs for de-

fendant's said land, and the said defendant then and there agreed upon the sale of said land for the aforesaid sum of seventy-three hundred dollars, and agreed upon the times and terms of payment thereof, and that said purchaser was ready, able and willing to pay said price for said land; said agreement of sale between the purchaser, so as aforesaid procured, and said defendant, as to the price of said land and the terms of payment for same, being verbal."

These allegations stand alone; they are not in the least affected by any statements in either the original petition or the second cause of action in the amended petition. There was no motion to make the allegations of the pleading more definite and certain; therefore, they must be construed liberally in favor of the pleader. The petition shows that these real-estate agents were employed to procure a purchaser for the land at a price stated by the owner and upon terms to be thereafter mutually agreed upon; that such purchaser and the owner fully agreed to the price and all the terms of a sale; and that the purchaser was ready, able and willing to carry out his agreement. The contract alleged required nothing further. The averments of this cause of action, when liberally construed, are equivalent to a full and specific statement of a contract of employment, the complete performance thereof, and a refusal to pay therefor. We think they state a cause of action.

This case, as pleaded, does not fall within the category of cases wherein agents are employed to effectuate a sale, and therefore decisions in such cases are not necessarily important here. For this reason some of the cases cited by counsel are inapplicable. The case of *Stewart v. Fowler*, 37 Kan. 677, 15 Pac. 918, cited by the defendant in error, has been distinguished, limited and modified by several subsequent decisions of this court. (*Betz v. Land Co.*, 46 Kan. 45, 26 Pac. 456; *Neiderlander v. Starr*, 50 Kan. 770, 33 Pac. 592; *Stewart v. Fowler*, 53 Kan. 537, 36 Pac. 1002.) Later cases fully recognize the difference here drawn between an

employment to sell and one merely to find a purchaser. (*Sandefur v. Hines,* 69 Kan. 168, 76 Pac. 444; *Sullivant v. Jahren,* 71 Kan. 127, 79 Pac. 1071; *Helling v. Darby,* 71 Kan. 107, 79 Pac. 1074; see, also, *Knapp v. Wallace,* 41 N. Y. 477; *Kalley et al. v. Baker,* 132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542.)

In view of this conclusion the question whether an oral contract for the sale of real estate can be enforced or not need not be considered. Such a contract is sufficient for the employment of a real-estate agent, and that is the only contract involved in this controversy.

The judgment of the district court is reversed, with directions to overrule the demurrer and proceed in accordance with the views herein expressed.

All the Justices concurring.