THE STATE OF KANSAS, *ex rel. E. L. Burton, as County Attorney, etc.,* v. THE MISSOURI & KANSAS TELE-PHONE COMPANY *et al.*

No. 15,333.   (95 Pac. 391.)

1. PETITION—*Verification—Use as Affidavit—Construction—Demurrer.* Where a petition was verified and used as an affidavit, and was demurred to, it was said the rule of liberal construction as against a demurrer did not apply.

2. INJUNCTION—*Temporary—Insufficient Grounds.* The rule applied that the granting of a temporary injunction is largely discretionary, and that before one is issued there should be a full showing of all the facts.

Error from Labette district court; THOMAS J. FLANNELLY, judge. Opinion filed April 11, 1908. Affirmed.

*C. E. Pile,* county attorney, for The State; *E. L. Burton, W. B. Glasse,* and *James A. Plotner,* of counsel.

*J. W. Gleed, John L. Hunt,* and *Mark Gillin,* for defendants in error.

*Per Curiam:* The county attorney of Labette county brought this suit in the name of the state perpetually to enjoin the defendant telephone company from constructing a telephone system in the city of Parsons under a franchise which had been granted by the city for that purpose. A restraining order was granted by the probate judge, the district judge being absent from the county. Afterward, on motion, the restraining order was dissolved and an application for a temporary injunction refused by the district court. From this action of the court the case has been brought here by proceedings in error. The motion to dissolve reads:

"Comes now said defendant The Missouri & Kansas Telephone Company and moves the court to dissolve and set aside the restraining order heretofore granted herein, for the reason that the petition herein does not state facts sufficient to constitute a cause of action, nor facts sufficient to entitle plaintiff to the relief therein

prayed, or to any relief, and shows no right in said plaintiff to maintain this suit."

The decision of the court reads:

"Now, on this 8th day of December, 1906, court being in regular session, this cause came regularly on for disposition and final order upon the motion of defendant The Missouri & Kansas Telephone Company to dissolve and set aside the restraining order heretofore, on the 29th day of October, 1906, by the probate judge of Labette county, Kansas, granted herein. And the court, having heretofore, to wit, on the 7th day of November, 1906, at chambers in the city of Independence, Montgomery county, Kansas, heard the argument of counsel upon said motion, and being fully advised in the premises, finds that the plaintiff is not entitled to equitable relief or any relief by injunction, and that such restraining order should and ought to be dissolved and set aside. It is, therefore, by the court ordered that the restraining order heretofore granted herein as before set forth be, and a temporary injunction is, refused, the same is hereby dissolved, set aside and held for naught, to which order and ruling of the court in dissolving, setting aside and holding for naught said restraining order, and refusing said temporary injunction, plaintiff at the time duly excepted and excepts."

It is not clear whether this proceeding involved the sufficiency of the pleading merely, or also included the denial of a temporary injunction for want of a satisfactory showing of facts therefor. In view of the record, however, we conclude that both these questions were considered.

Under the liberal rules followed in such cases the petition, as against a general demurrer, was probably sufficient. There are some conclusions of fact contained in its allegations which are, perhaps, sufficiently broad, when considered in connection with the inference which may be drawn therefrom, to constitute a cause of action. (*Long v. Thompson*, 73 Kan. 76, 84 Pac. 552; *Bowersox v. Hall*, 73 Kan. 99, 84 Pac. 557; *The State v. Addison*, 76 Kan. 699, 92 Pac. 581.) The petition was verified and used as an affidavit in support of its averments

as a pleading, and when considered as an affidavit an entirely different rule applies. (*Olmstead v. Koester, Treasurer,* 14 Kan. 463.)   In the case last cited Mr. Justice Brewer said:

"When a verified petition is used as an affidavit, its allegations must be construed as those of an affidavit, and must be such statements of fact as would be proper in the oral testimony of a witness. Allegations which are simply conclusions of law, whether sufficient or not as matter of pleading, are incompetent as testimony.

"A preliminary injunction is not a matter of strict right; its issue rests with the sound discretion of the judge; and before one is issued there should be such a full showing of all the facts that the judge acts with a thorough understanding of the entire case." (Syllabus.)

This verified petition was the only evidence presented in support of this application. In view of the weakness of the affidavit as evidence, and the large discretion lodged with the court in such cases, we are unable to say that the court erred in refusing to allow the temporary injunction.

The judgment of the district court is therefore affirmed.