No. 19,296.

CELESTE WICKHAM, *Appellee,* v. THE TRADERS STATE BANK, *Appellant.*

SYLLABUS BY THE COURT.

EXEMPTIONS — *Exempt Automobile — Mortgaged by Husband Alone — Mortgage Void—Decree of Divorce—Divorced Wife Entitled to the Car.* A husband doing business in the name of a corporation mortgaged an automobile, asserting it to be the property of such corporation, and later absconded. His wife procured a decree of divorce and was awarded all his personal property within the jurisdiction of the court. She claimed the car under the decree and proved that it was exempt as a necessary implement for her husband's use in his business. *Held,* that having established the exempt quality of the property which she as wife took by the decree, she is not estopped or bound by the husband's representations as to the ownership of the car.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed June 12, 1915. Affirmed.

*David Ritchie, C. A. Spencer,* and *J. A. Fleming,* all of Salina, for the appellant.

*Thomas L. Bond,* of Salina, for the appellee.

42—95 KAN.

The opinion of the court was delivered by

WEST, J.: The Traders State Bank made a loan of $8000, taking as security certain bills of lading and a chattel mortgage on an automobile, which mortgage was signed, "The Wickham Grain Co. By H. W. Wickham, President." Some months afterwards H. W. Wickham absconded, and it was learned that a number of the bills of lading were forgeries, and the bank took possession of the automobile under the mortgage and sold it. Later Mrs. Wickham sued the bank for conversion of the car, claiming it as the divorced wife of Wickham under a decree giving her all of his personal property within the jurisdiction of the court, and recovered. There was testimony tending to show that Wickham had done a large amount of business in the name of The Wickham Grain Company, for which company a charter was at one time procured, but it never perfected its organization. It appears that the automobile was bought before the charter was procured and the mortgage in question was not executed until more than one year after the issuance of the charter. (Gen. Stat. 1909, § 1729.) There was testimony tending to show that business transactions in the name of The Wickham Grain Company were really with Wickham himself, and that the car in question was so used by him in his business as to bring it within subdivision 8 of section 3649 of the General Statutes of 1909 as exempt. If it were exempt, then the mortgage without the act or consent of the wife was void. (Gen. Stat. 1909, § 5235.)

The chief contention of the defendant is that in view of the hundreds of thousands of dollars of business transacted with the bank in the name of The Wickham Grain Company, the listing of the automobile for taxation as the property of the company, taking out the license in the same name and the conduct of Wickham and his assertion in the mortgage that it was the prop-

erty of the company, he would necessarily be estopped to claim it as his own, and therefore his wife, who claims under him by virtue of the decree of divorce, is likewise estopped.

It is true that the plaintiff did not allege in her petition that the property was exempt, but she introduced evidence on that point, which was also covered by the instructions, so that she is in the attitude of claiming under the decree and also as wife entitled to exempt personal property. If the car was exempt the husband had no right to mortgage it, the mortgage was void, and it did not deprive the wife of her interest in it, and neither could the husband's representations as to its ownership impair her rights. (*Alexander v. Logan,* 65 Kan. 505, 70 Pac. 339.) The decree simply gave her the husband's interest, but the law gives her a wife's right to ignore a void mortgage of exempt property executed by the husband without her consent. Having this dual source of right and title she can not be held bound as claimed by the defendant.

There is no difficulty in concluding that the car was exempt to H. W. Wickham as a necessary implement used for the purpose of carrying on his business. (*White v. Gemeny,* 47 Kan. 741, 28 Pac. 1011; *Jackman v. Lambertson,* 71 Kan. 138, 80 Pac. 55; *Reeves v. Bascue,* 76 Kan. 333, 91 Pac. 77.) Counsel for the plaintiff contend that it was also exempt under subdivision 6 of section 3649 of the General Statutes of 1909 as essentially a "wagon," and cites decisions in support of this view. In view of the rapidity and certainty with which automobiles are superseding wagons for all purposes the question is interesting indeed, but as it is not necessary to a determination hereof it will be left undecided.

Finding no material error in the record the judgment is affirmed.