No. 19,296.

CELESTE WICKHAM, *Appellee*, v. THE TRADERS STATE BANK, *Appellant*.

OPINION DENYING A REHEARING.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion denying a rehearing filed July 26, 1915. (For original opinion of affirmance, see 95 Kan. 657, 149 Pac. 433.)

*David Ritchie, C. A. Spencer*, and *J. A. Fleming*, all of Salina, for the appellant.

*Thomas L. Bond*, of Salina, for the appellee.

The opinion of the court was delivered by

WEST, J.: In a petition for rehearing counsel for the defendant insist that the court was in error both in the opinion and in the syllabus in its statement to the effect that Wickham was doing business in the name of the Wickham Grain Company, instead of saying that the company itself was doing such business and that the company itself executed the mortgage in question.   There was evidence tending to support counsel's contention, but J. F. Ollinger testified, among other things, that he "sold automobile to Harry Wickham for $1500.00, paid part cash and gave mortgage for balance." C. B. Kirtland, one of the defendant's witnesses, testified: "Was acquainted with H. W. Wickham; he did business at the Traders State Bank; am familiar with his hand writing; witness shown Mortgage marked 'Exhibit D' and states that the signature thereto is in the hand writing of H. W. Wickham; witness shown paper marked 'Exhibit E' and states that the signatures thereto are in the hand writing of H. W. Wickham. That there is still due the bank on 'Exhibit E' something over $7000.00.   Took automobile under mortgage and sold for $600.00 and the balance of *Wickham debt* (italics ours) was

Wickham v. Bank.

made good to the Bank by the stock holders." It appears from the abstract that on the back of the note was indorsed a statement closing and signed as follows:

"It is understood that the profits of this business are subject to withdrawal for incidental expenses after 25 cts. per hundred has been deducted as a sinking fund guarantee. H. W. Wickham."

The county assessor testified that the tax statement from the Wickham Grain Company in 1912 was signed and sworn to by H. W. Wickham, and the city clerk testified that H. W. Wickham applied to him personally for license for the car and told him to register the car in the name of the Wickham Grain Company.

C. B. Kirtland testified further:

"Went into the Traders State Bank in September or October, 1910; there was an account carried by the Wickham Grain Company and also one carried by the Western Brokerage Company. H. W. Wickham had charge of both accounts; he was president of both companies. And signed all checks and made all deposits."

Mrs. Wickham testified:

"There was no Wickham Grain Company, there was a blue sky Wickham Grain Company. My husband was the The Wickham Grain Company."

C. B. Kirtland testified that Wickham was the president of the Wickham Grain Company and said that he was "the whole company so far as I could tell." The court instructed the jury that if they found that Wickham was the owner of the car at the time of the execution of the mortgage and that it was exempt, the mortgage would be void because not signed by the wife. The verdict was in favor of the plaintiff, the jury thereby finding in effect that Wickham was doing the business which was ostensibly that of the Wickham Grain Company and that he owned the automobile, which conclusions were supported by the evidence already referred to.

Criticism is made of an expression in the opinion, "For which company a charter was at one time procured, but it never perfected its organization." (*Wickham v. Bank,* 95 Kan. 657, 658, 149 Pac. 433.) The counter-abstract contains the following statement:

"There was no evidence offered that proved or tended to prove that The Wickham Grain Company ever had a business existence or ever transacted any business, or ever progressed farther than to file a charter."

True, the "additional abstract" of the appellants contains a statement that "Exhibit L" was introduced in evidence "and shows, that between October 29, 1910, and July 16, 1912, the amount of business transacted by the Wickham Grain Company amounted to about $600,000.00," but under the statute (Gen. Stat. 1909, § 1709) this company, whose charter was granted February 15, 1911, had no right to begin business until it had filed with the secretary of state the required affidavit that not less than twenty per cent of its authorized capital had been paid in actual cash or property equivalent thereto accompanied by a schedule of such property, and under section 1729 if it failed to begin operations within one year it became dissolved by operation of law. The car was purchased by Wickham several months before the charter was issued, and the note and mortgage were executed April 26, 1912, more than one year after the charter was taken out. Of course, under ordinary circumstances, in the absence of anything tending to show a mere nominal corporation the introduction of a charter would be sufficient to show corporate existence, but in view of the statement referred to in the counter-abstract, the testimony in the case and all the circumstances and transactions shown this court, like the jury and the trial court, was and is convinced that Wickham was using for the transaction of his business the name of a mere paper concern having no legal substantial existence. It follows therefore that the contention of counsel that Wickham mortgaged the car merely as agent and manager of the corporation does not appear to be justified by the facts.

It is suggested in the petition for rehearing that the question ought to be fully decided whether or not the wife under the exemption laws has any greater right to exempt property than the husband, and whether or not when he is estopped by his own representations as to title she is not also estopped. In the former opinion it was said:

"If the car was exempt the husband had no right to mortgage it, the mortgage was void and it did not deprive the wife of her interest in it. and neither could the husband's representations as to its ownership impair her rights." (p. 659.)

We know of no way to decide the question more clearly than we have done by the language quoted.

The question is further asked why *Wogan v. Sivey,* 95 Kan. 774, 149 Pac. 411, does not settle this case. The question there was between mortgagees and not one involving the wife's right to exempt personal property.

Because certain cited authorities were not expressly mentioned in the opinion counsel assume that they were not considered. It may be said that with all the consultation and consideration given to a case by this court it is frequently, if not generally, true that not only the authorities cited by counsel for both sides, but very many more found by the court are examined. However, it is not usually deemed necessary to mention all the cases cited or found or to call attention to the fact that they have been examined. Assiduous and conscientious efforts are made with all the means within our power to reach proper conclusions, and not only oral arguments but briefs of counsel, with the quoted and cited text and decisions, are welcomed and are availed of to the fullest extent in the attempt to do justice and declare the law correctly.

Having again considered this case and finding no cause to change the former decision it is adhered to and the motion for rehearing is denied.