No. 26,958.

Fred J. Dowd, *Appellant,* v. Joe A. Heuson, as Sheriff of Clay County, *Appellee.*

SYLLABUS BY THE COURT.

Exemptions—*Tools and Implements—Automobile Used in Trade.* Where an automobile owned by the foreman of a construction company was used by him on his business errands about town and to carry the workmen over whom he was foreman to and from their employment in out-of-town jobs, and also to carry their tools, such automobile should be considered as a necessary tool and implement of his trade or business and exempt from execution by virtue of G. S. 1868, ch. 38, § 3; R. S. 60-3504.

Appeal from Clay district court; Fred R. Smith, judge. Opinion filed January 8, 1927. Reversed.

*W. T. Roche,* of Clay Center, for the appellant.

*C. Vincent Jones,* of Clay Center, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action in replevin to recover an automobile which the defendant sheriff had seized on execution to satisfy a judgment indebtedness against plaintiff.

The controlling facts were these:

Plaintiff was the head of a family, and the automobile was a seven-passenger Cadillac car valued at $150 and regularly used by plaintiff for the purpose of carrying on his trade or business, which was that of foreman carpenter for a building company having its headquarters in Clay Center. Plaintiff used the car on errands connected with the construction work in which he was employed in Clay Center, and he was allowed five cents per hour for such use of his car. In his business out of town plaintiff used the car to trans-

Exemptions, 25 C. J. p. 52 n. 10; 49 L. R. A. n. s. 691; 28 A. L. R. 74; 11 R. C. L. 514.

port the workmen over whom he was foreman, together with their tools, to and from Clay Center to whatever place they were at work. For this service plaintiff was paid ten cents a mile. It was his duty as foreman to perform the ordinary labor of a workman himself, for which he was paid the going wages, together with 10 per cent of the profits on the job, and likewise "a bonus of five cents an hour for keeping the men busy on the job."

One of plaintiff's employers testified that the plaintiff—

"Was employed as a foreman in the frame construction and in employing him they have employed him for his services, together with the services of his car, and that it is necessary that the foreman have a car, and if the appellant had no car or could not furnish a car, he would not be eligible as foreman at the salary and pay they gave him. . . . That he acted the part as foreman in the frame construction with the understanding that as foreman he is to use his car for the purpose of delivering small items of material to the jobs in Clay Center. That he is to take with him the number of men that he may need and haul them to jobs that are outside of town; that he was to get five cents per hour for the use of the car in town and ten per cent of the profits of the job as foreman and we pay him ten cents a mile for the use of his car out of town. That in using the car out of town, in addition to hauling men, he hauled such material as the company run short of. That there are times when they run short of small items of material that can be hauled in the car without loss of time. That appellant takes his car with him, and it is always on the job for going to the lumber yard or delivering material and sometimes to the office for further instructions, and that he hauls carpenters' tools. . . . That witness paid some of his other carpenters the same as he paid appellant for his services as carpenter, but the additional payment to appellant is for foremanship and use of his car. . . . That they give him 10 per cent of the profits . . . because he has equipped himself with a car, which is a saving for Sannemah Bros. (Plaintiff's employers.) . . . That no matter what he paid the other laborers, the appellant always received more, on account of having his car."

"Q. Is it necessary, in this work, that the foreman have a car? A. It is.

"Q. And if he had no car, or could not furnish a car, he would not be eligible for the foremanship job? A. He may be eligible, but not at the salary and pay."

There was a good deal of testimony offered by defendant which tended to show that the cost of tires and maintenance of the car was an actual burden to plaintiff, that the allowance made him by his employers for the service of his car was inadequate and that "the use of the car lost him money." But there was no evidence adduced by defendant which tended to controvert the facts developed in plaintiff's behalf as set out above. .

The trial court held "that said automobile was not exempt property," and gave judgment for defendant.

Was that judgment correct? Counsel for appellee invokes the rule that this court cannot disturb the trial court's findings of fact. Quite correct. We cannot. But as we read this record the judgment of the trial court is not fairly susceptible of an interpretation that it gave no credence to the facts testified to on behalf of plaintiff. Even the testimony adduced in defendant's behalf was corroborative of plaintiff's evidence touching the use of the car. The trial. court ruled as a matter of law that the automobile used in the business of a construction company's foreman, who was also the head of a family, was subject to seizure on execution, and that our exemption statute did not protect plaintiff therefrom. That was the theory on which the case was tried below. Defendant's evidence was mainly directed to minimize the financial benefit to plaintiff through the admitted use of the car; and in his brief in this court defendant reminds us that plaintiff's "sole claim in the petition and in the court below was that it was one of his necessary tools and instruments."

And so we think we have only a question of law to deal with here, or, at most, a mixed question of law and fact where we are not bound by the determination of the trial court, and where no part of our appellate responsibility can be avoided on its account.

The pertinent statute, in part, reads:

"R. S.·60-3504. Every person residing in this state, and being the head of a family, shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property: . . . Eighth. The necessary tools and implements of any mechanic, miner or other person, used and kept in stock for the purpose of carrying on his trade or business. . . ."

This statute has been in force since 1868 and has always been construed with consistent liberality and in accordance with the genius of our state history and the spirit of our institutions. (*Millinery Co. v. Round,* 106 Kan. 146, 149, 186 Pac. 979.)

"It is generally the rule that such exemption statutes are liberally construed, in order· that the heads of families may not be stripped of all means of making a livelihood." (*In re Conley,* 162 Fed. 805.)

This court has just decided that a motor truck was exempt from seizure and sale on execution where it was shown to be a necessary implement in the coal trade of the judgment debtor (*Federal Agency*

*Investment Co. v. Baker,* post, p. 460), although in the same case we held that the evidence was insufficient to show that a sedan car for which exemption was likewise claimed was either used or necessary for use in the debtor's trade or business.

We think the automobile in the present case is like the truck in the coal dealer's business. It was both used and necessary to be used in his trade. It was a necessary implement both in obtaining and retaining his job as foreman. Appellee cites *Jenkins v. McNall,* 27 Kan. 532, to justify the ruling of the trial court. That case is quite instructive and contains some sound legal doctrine which could be well applied to support plaintiff's side of this case. Of course a debtor cannot multiply his exemptions by multiplying his employments; but the plaintiff did not so multiply them. He has but the one principal employment, that of foreman for a construction company. And without the automobile to use on errands pertaining to the construction business, and to carry the workmen and their tools back and forth on out-of-town jobs, he would not have gotten and could not keep his job as foreman. If the trial court's judgment should stand, plaintiff would inevitably be demoted from his position as foreman, and without assurance of continued employment even as a common workman.

Under the issues as shown by the record, the plaintiff's automobile was a necessary implement in plaintiff's trade or business as foreman, and he was admittedly the head of a family. It is pertinent here to note that in 1917 the legislature amended the statute of 1868 defining what property of a decedent should be set apart for the use and benefit of his widow and minor children so as to include that distinctive utility of modern life, an automobile. (R. S. 22-511.) In construing exemption statutes, a number of courts have held an automobile is a "carriage," and exempt as such (*Parker v. Sweet,* 60 Tex. Civ. App. 10, 127 S. W. 881; *Peevehouse v. Smith,* [Tex. Civ. App.] 152 S. W. 1196); that it is exempt as a wagon "or other vehicle" under the Iowa statute (*Lames v. Armstrong,* 162 Ia. 327, 49 L. R. A., n. s. 691); and even in our own case of *Wickham v. Bank,* 95 Kan. 657, 149 Pac. 433, this court more than ten years ago took notice of the fact that the automobile was rapidly and certainly superseding the "wagon" which was specifically exempted from seizure on execution under the statute of 1868. But the words "necessary tools and implements" used by the head of a family for

the purpose of carrying on his trade or business is a broader and more all-inclusive term than the "wagon" or like term used in our own and other exemption statutes; and this court has already said that there is no difficulty in concluding that an automobile may be exempt as a necessary implement used in carrying on the business of a grain dealer. (*Wickham v. Bank,* supra.) In *Beach v. Fireovid,* 84 Kan. 357, 360, 114 Pac. 206, this court noted but was not asked to review the correctness of a trial court's ruling that an automobile was exempt from execution because it was used by the plaintiff in his business as a physician. Other instructive cases are: *Wilhite v. Williams,* 41 Kan. 288, 21 Pac. 256; *William v. Vincent,* 70 Kan. 595, 79 Pac. 121; *Bank v. Venard,* 109 Kan. 15, 18, 197 Pac. 877; and see, also, the cases cited in *Federal Agency Investment Co. v. Baker,* supra, just decided.

The fact that plaintiff did not make any profit over and above maintenance on the use of his car in his business as foreman is immaterial. Neither is the fact that plaintiff's wife used the car for her convenience or pleasure on Sundays and at other times. Probably no case can be found which would hold that the occasional loan or use of a tool or implement for some purpose unrelated to its owner's trade or business would destroy its otherwise exempt character as a necessary instrumentality in the proper conduct of its owner's trade or business.

Reversed, with instructions to enter judgment for plaintiff.