No. 27,071.

THE FEDERAL AGENCY INVESTMENT COMPANY, *Appellant,* v. JOHN
BAKER, *Appellee.*

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Conclusiveness of Findings Based on Affidavits.* The
supreme court is not necessarily bound by findings of fact made by a trial
court when based wholly on affidavits.

2. EVIDENCE—*Affidavits.* Affidavits to be used as evidence must state facts,
not conclusions.

3. EXEMPTIONS—*Automobile Truck Used in Business.* An automobile truck
used in his business by a fuel dealer is exempt from sale under execution.

Appeal from Wyandotte district court, division No. 4; CHARLES A. MILLER,
judge. Opinion filed January 8, 1927. Affirmed in part and reversed in part.

*Thomas E. Joyce,* of Kansas City, for the appellant.
*Roy R. Hubbard,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff caused an execution to be levied on a
Ford motor truck and on a Ford four-door sedan automobile both
owned by the defendant, the head of a family. He was engaged in
the fuel and transfer business. In an application to have the levy
quashed he alleged that the truck and sedan were exempt as tools
used by him in his business. The levy was quashed, and the
plaintiff appeals.

1. The evidence was wholly in writing. It consisted of the verified
application of the defendant to discharge the. levy and an affidavit
of Thomas E. Joyce, the attorney for the plaintiff, to the effect that
he accompanied the undersheriff when the levy was made; that the
undersheriff levied on the Ford truck; that it was loaded with wood;
that the wood was delivered; that the truck was then being driven
by an employee of the defendant; and that to the best of the
affiant's knowledge and belief the defendant did not operate the
truck in person. Under these circumstances, this court can review
the evidence and reach a conclusion thereon contrary to the one
reached by the trial court. (*Moore v. Pye,* 10 Kan. 246; *Robinson
v. Melvin,* 14 Kan. 484; *Durham v. Carbon Coal & Min. Co.,* 22
Kan. 232; *Woodward Faxon & Co. v. Clark,* 30 Kan. 78; *Cheney v.*

Affidavits, 2 C. J. p. 351 n. 88; 1 R. C. L. 771. Appeal and Error, 4 C. J. p.
889 n. 84. Exemptions, 25 C. J. p. 52 n. 14; 49 L. R. A. n. s. 691; 28 A. L. R. 74;
11 R. C. L. 522.

*Hovey,* 56 Kan. 637, 642, 44 Pac. 605; *Bank v. McIntosh,* 72 Kan. 603, 610, 84 Pac. 535; *Belknap v. Sleeth,* 77 Kan. 164, 93 Pac. 580; *Bartels v. School District,* 89 Kan. 233, 237, 131 Pac. 579; *Mathewson v. Campbell,* 91 Kan. 625, 627, 138 Pac. 637; *Broquet v. Investment Co.,* 105 Kan. 632, 633, 185 Pac. 726; *Young v. Schwint,* 108 Kan. 425, 428, 195 Pac. 614; *Agricultural Ins. Co. v. Ætna Ins. Co.,* 119 Kan. 452, 459, 239 Pac. 974.)

2. The application of the defendant, used as an affidavit, stated that he used the truck and sedan in his business. That was a conclusion of the affiant. It was not evidence. The affidavit should have stated the facts as to how the truck and sedan were used. (*Olmstead v. Koester,* 14 Kan. 463; *Center Township v. Hunt,* 16 Kan. 430; *Howard v. Eddy,* 56 Kan. 498, 499, 43 Pac. 1133; *State v. Telephone Co.,* 77 Kan. 774, 95 Pac. 391; *Wheat Growers Association v. Schulte,* 113 Kan. 672, 685, 216 Pac. 311.) The affidavit of the defendant was insufficient to show for what purpose the truck and sedan were used by him. The affidavit of the attorney for the plaintiff did show that the truck was used by the defendant in his business. There was no other evidence to show how the sedan was used.

3. Was the truck exempt? Section 60-3504 of the Revised Statutes in part reads:

"Every person residing in this state, and being the head of a family, shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property: . . .

"The necessary tools and implements of any mechanic, miner or other person, used and kept in stock for the purpose of carrying on his trade or business, and in addition thereto, stock in trade not exceeding four hundred dollars in value."

Under that statute, the following articles have been held exempt:

"A lamp and other articles kept by a watchmaker and jeweler" (*Bequillard v. Bartlett,* 19 Kan. 382); "cheese vats, cheese presses, curd knives and the like" of one who makes cheese (*Fish v. Street,* 27 Kan. 270); "one iron safe, and one set of abstracts, and one cabinet and table" of "an insurance agent and abstracter of titles" (*Davidson v. Sechrist,* 28 Kan. 324); tinners tools (*Burton, Moses & Bro. v. Baum,* 32 Kan. 641, 5 Pac. 3; *Miller v. Weeks,* 46 Kan. 307, 26 Pac. 694); "a printing press and printing material used in printing and publishing a weekly newspaper" (*Bliss v. Vedder,* 34 Kan. 57, 7 Pac. 599); "the horse, harness and buggy of an insurance agent" (*Wilhite v. Williams,* 41 Kan. 288, 21 Pac. 256); "the bus of a hotel keeper" (*White v. Gemeny,* 47 Kan. 741, 28 Pac. 1011); "the threshing-separator, traction engine, belts, and all parts necessary to constitute a threshing machine" (*Jackson v. Lambertson,*

71 Kan. 138, 80 Pac. 55); "a traction engine and the saws, belts, carrier, and other appliances. commonly used in connection with such an engine for sawing logs and making lumber" (*Reeves v. Bascue,* 76 Kan. 333, 91 Pac. 77); an automobile used by a grain dealer (*Wickham v. Bank,* 95 Kan. 657, 149 Pac. 433); "a duplicating machine, a check writer, an envelope sealer, an addressing machine, a filing cabinet" and two or three typewriters (*Wamberg v. Hart,* 121 Kan. 218, 221, 246 Pac. 1010); and an automobile used by the foreman of a construction company (*Dowd v. Heuson,* ante, p. 278).

The truck was exempt.

The judgment is affirmed so far as the truck is concerned, and is reversed so far as the sedan is concerned.