No. 28,529.

F. W. PRINTZ, *Appellant*, v. CHARLES A. SHEPARD, Constable, *Appellee*.

(276 Pac. 811.)

Opinion filed May 4, 1929.

*E. R. Sloan*, of Holton, for the appellant.
*M. A. Bender*, of Holton, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The question presented here is whether an automobile is exempt property to a farmer under the provisions of R. S. 60-3504. The plaintiff owned a Buick roadster which had been levied upon, and brought this action in replevin for its recovery. He was defeated and appeals.

The court found substantially that the plaintiff was a married man, a resident of Jackson county, the head of a family, and by occupation a farmer; that the automobile in question was of the value of $125; that the plaintiff had other and the usual farm implements, including a truck wagon, altogether not exceeding in value

$175; that he used the automobile for hauling cream, eggs and other farm products to town; that he also used the automobile for hauling from town to his home groceries and other provisions for his family and stock when it did not exceed in weight 250 pounds, and that the automobile was an implement to carry on his farming as it is now conducted.

The statute, among other things, provides that—

"Every person residing in this state, and being the head of a family, shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property: . . . *Sixth*. . . . One wagon, cart or dray; two plows, one drag and other farm utensils, including harness and tackle for teams, not exceeding in value three hundred dollars. . . . *Eighth.* The necessary tools and implements of any mechanic, miner or other person, used and kept in stock for the purpose of carrying on his trade or business, and in addition thereto, stock in trade not exceeding four hundred dollars in value." (R. S. 60-3504.)

In *Dowd v. Heuson,* 122 Kan. 278, 252 Pac. 260, it was said in the opinion:

"In construing exemption statutes, a number of courts have held an automobile is a 'carriage' and exempt as such (*Parker v. Sweet,* 60 Tex. Civ. App. 10, 127 S. W. 881; *Peevehouse v. Smith,* [Tex. Civ. App.] 152 S. W. 1196); that it is exempt as a wagon 'or other vehicle' under the Iowa statute (*Lames v. Armstrong,* 162 Ia. 327, 49 L. R. A., n. s., 691); and even in our own case of *Wickham v. Bank,* 95 Kan. 657, 149 Pac. 433, this court more than ten years ago took notice of the fact that the automobile was rapidly and certainly superseding the 'wagon' which was specifically exempted from seizure on execution under the statute of 1868." (p. 281.)

In a note in 123 A. S. R. 143 cases are cited construing the term "wagon," in which it is said:

"The word 'wagon' as used in exemption statutes is given a liberal interpretation and made to embrace many vehicles that do not come within the strict definition of the term."

The same question is also discussed in extended notes in 28 A. L. R. 74, 36 A. L. R. 670, and 52 A. L. R. 828. The last citation deals primarily with the statutes in which the descriptive term is used and cites some of the Kansas cases.

In *Lames v. Armstrong,* 162 Ia. 327, it was said in substance:

"Under Code 4008, granting an exemption of a team and wagon or other vehicle, an automobile is exempt, being a vehicle and falling within the purview of the statute, even though moving by its own motive power." (144 N. W. 1, headnote.)

The Iowa statute is slightly different from ours. It provides for the exemption of "two yoke of cattle, and the wagon or other vehicle, with the proper harness or tackle." In the opinion in the Armstrong case the court said:

"An automobile is a vehicle within this law. It serves the purpose of a wagon or other vehicle. That it is a vehicle there can be no doubt, and that the motive power is gasoline instead of a horse or horses is not material under the exemption law." (p. 331.)

We believe, also, that the automobile is exempt under the clause "other farm utensils."

This court has held that an automobile comes within the descriptive term of "tools and implements." (*Dowd v. Heuson*, supra; *Federal Agency Investment Co. v. Baker*, 122 Kan. 460, 252 Pac. 262.) The author of the exemption statute had no conception of an automobile. He could not possibly have foreseen that it would be included as an exemption under the terms "tools and implements." Neither could he have foreseen that it would be included under the term "wagon or farm utensil." We think it is as properly within the latter term as the former. Since mechanics, miners and other persons may have exempt to them an automobile because of the descriptive term, there is no reason why the same right and privilege should not be extended to the farmer. We are of the opinion the automobile in question comes within the provision of the statute and is exempt.

The judgment is reversed and the cause remanded with instructions to enter judgment for the plaintiff.