No. 29,521.

ANNA FLOSS SIMON, *Appellee,* v. H. R. HULL, Executor of the Estate of Sarah Maude Crow, *Appellee;* ROY CROW, *Appellant.*

(293 Pac. 400.)

Opinion filed December 1, 1930.

*Carl E. Sanden, Roland M. Anderson, Loren H. Laughlin* and *Bernard S. Gradwohl,* all of Lincoln, Neb., for the appellant.

*A. W. Relihan, T. D. Relihan,* both of Smith Center, and *Dan Hopson,* of Phillipsburg, for the appellee.

The opinion of the court was delivered by

JOCHEMS, J.: This was an action in partition. Plaintiff claimed to be the owner of a three-fourths interest in the real estate involved in this action and alleged that the defendant Sarah Maude Crow was the owner of the other one-fourth interest. Sarah Maude Crow claimed she was the owner of a one-half interest. The court decided the issue in favor of the plaintiff. Immediately after judgment was entered the defendant filed with the clerk of the district court a document stating that the case was fully settled. Soon thereafter the defendant died. The action was revived in the name of her husband. He filed a motion to strike the document reciting settlement from the files. The court overruled this motion, and the husband has appealed to this court.

It appears from the record that prior to the time the case was set for trial the defendant Sarah Maude Crow became ill and went to Kansas City, where she underwent a major operation. Before she went to the hospital she had been living with some friends, a Mr. and Mrs. Phillips. At the time she was ready to return from the hospital she had not fully recovered and her friends were then

away from home. It appears from affidavits submitted upon the hearing of the motion to strike (which we will discuss later) that the defendant was destitute and without means to pay for her care; that her husband had deserted her about two years before and was not contributing to her support. It further appears from one of the affidavits submitted on that motion that she had borrowed money from the bank to pay for the operation and hospital expenses at Kansas City. She conferred with her attorney relative to the, question of where she should stay until the date of the trial. This was about ten days before the trial. At that time, as shown by an affidavit of ·her attorney presented upon the motion, she said to him:

"I do not want to be under any financial obligation to my sister Anna Simon for she is domineering and insists upon my doing everything she wants done and I am afraid if I put myself in a position where she can dominate my action, she will do so, for I am helpless to resist her."

However, notwithstanding this statement, she did go to her sister's home and was there on the date of the trial. Her sister, the plaintiff, reported to the court that the defendant Sarah Maude Crow was bedfast and was too ill to attend the trial or to permit the taking of her deposition. The attorneys then agreed upon a statement of the facts and submitted it to the court and the court decided the issues in favor of the plaintiff. This decision was made on September 24, 1929. The next day, September 25, there was filed with the clerk of the district court a paper reading as follows:

"SIMON v. CROW, partition suit of the Jennie Van Allen estate.

*"To whom it may concern:*

"Sarah Maude Crow does not want to carry the partition suit to the supreme court. She wishes to abide by the decision of the district court of Phillips county, which was decided September 24, 1929. This case being fully settled between the parties.                                    SARAH MAUDE CROW.

"Witnesses: MRS. LEX DILLON,
            C. O. SIMON."

On September 28, 1929, an attorney who had not previously represented the defendant was called to the sister's home to consult with defendant, and at her request he prepared a contract between the two sisters, the plaintiff and the defendant, in which it was recited that they had settled all differences and litigation between them, and which further provided, in substance, that the defendant Sarah Maude Crow agreed to pay to the plaintiff Anna Floss Simon the sum of $3,000, which was to be paid out of the proceeds derived from the sale of real estate in this partition suit, and in considera-

tion of this payment the plaintiff agreed on her part to properly care for defendant, provide her with food, clothing and medical attention as long as she should live. This contract was dated October 1, 1929. It appears that the attorney who prepared the contract conferred with the defendant on that date and had also conferred with her a few days prior thereto.

The defendant died on October 18, 1929. After her death the action was revived in the name of the executor of her estate and was also revived in the name of her husband, Roy Crow, who appears as the appellant herein. Subsequent to the time the action was revived in the name of the husband he filed a motion in the action asking the court to strike from the files in the case the document filed on September 25, 1929, with the clerk of the district court, which has hereinbefore been set out.

As grounds for this motion it was set forth and alleged that—

"The same is no proper pleading or procedure in the said action; the same is and was as to the said Sarah Maude Crow involuntary, prejudicial and unjust; was not prepared by her, and if signed by her her signature thereto was procured by imposition, fraud, undue influence and overreaching by the plaintiff above named and at a time when the said Sarah Maude Crow was sick in mind and body and unable to transact ordinary business affairs such as the proper attention to her interests in the litigation involved therein and under the undue influence and persuasion of the plaintiff."

In support of this motion affidavits were submitted by the appellant and in resistance to the motion affidavits were submitted by the plaintiff.

The motion to strike came on for hearing on January 20, 1930, and the court, after having heard the motion and received the affidavits of the parties and having considered the affidavits and heard the arguments of counsel, found and held that the plaintiff and the defendant entered into a contract on September 25, 1929, after the judgment had been rendered, making complete settlement of their differences; that Sarah Maude Crow was mentally capable to make and enter into a contract on September 24 and to and including October 1, 1929, and that she was not influenced by anyone to make a contract or the paper sought to be stricken, and such contract imports a good and sufficient consideration and precludes Roy Crow from further rights in the litigation adverse to the plaintiff and decision of the court.

The court then decreed that the plaintiff was the owner of a

three-fourths interest in the real estate and that the motion to strike be overruled. It further decreed that from September 24, 1929, to October 1, 1929, Sarah Maude Crow was mentally capable of making the contract and that she did make the contract with the plaintiff settling her rights in the action; that she was not influenced by anyone to make the contract or the paper sought to be stricken and that the contract imported a good and sufficient consideration.

The appellant Roy Crow urges several specifications of error. We will first note his third specification, in which he complains that the court erred in overruling his motion to strike the document above set forth from the files. In support of this specification of error the appellant contends that in order to bind a party so as to prevent a further right of appeal the act upon which the waiver is based must be voluntary and cites *Feight v. Wyandt,* 79 Kan. 309, 99 Pac. 611; *Bennett v. Bennett,* 112 Kan. 559, 211 Pac. 632; *Weathered v. Weathered,* 115 Kan. 744, 224 Pac. 901. However, in this case, according to the proof submitted in the affidavits offered in resistance to the motion, the action of the defendant Sarah Maude Crow was voluntary. The trial court so found.

Appellant further urges that in a situation where a fiduciary relationship exists between the parties and one litigant obtains an unfair advantage, fraud, actual or implied, mistake or undue influence will be implied, and such transactions are *prima facie* voidable on the grounds of public policy. In support of this he cites 1 Bigelow on Fraud, 190; 2 Pomeroy's Equity Jurisprudence, 4th ed., §§ 829, 849, 944, 948, 951; *City of Clay Center v. Myers,* 52 Kan. 363, 35 Pac. 25.

We have considered this contention. The issues are all squarely presented by both sides in the affidavits submitted upon the hearing of the motion. The trial court affirmatively found that there was no fraud, undue influence or duress and that the defendant Sarah Maude Crow was mentally capable of making a contract; that she did make a contract settling her rights in this action and that she was not influenced to do so by anyone.

It is true that all of the evidence offered on the hearing of the motion is in the form of affidavits and that under such circumstances the finding of the trial court is not conclusive on this court; that this court can review the evidence and reach a conclusion thereon contrary to that of the trial court where the evidence is

in the form of affidavits. It is so held in the case of *Federal Agency Investment Co. v. Baker,* 122 Kan. 460, 252 Pac. 262, and numerous cases cited therein. However, we have examined the affidavits submitted on the hearing of the motion and from these affidavits do not feel impelled to reach a conclusion different from that reached by the trial court. In the affidavits offered in support of the motion, the proof there submitted of undue influence, fraud, etc., is not a statement of any concrete fact, but consists of conclusions and surmises of the makers of affidavits. It is true that the affidavit of the attorney for the defendant does set forth that she told him her sister was domineering and that if she went to live with her she would have to do whatever the plaintiff told her. This, however, is not conclusive on the question of whether or not fraud or undue influence was subsequently practiced by the plaintiff upon the deceased at the time the paper in controversy was executed. Against these affidavits is the affidavit of plaintiff in which she set forth in detail just how the paper was executed and also her version of the facts as to the contract which was prepared by the attorney; there is also the affidavit of the attorney who prepared the contract of October 1, 1929, in which he states that he consulted with the defendant on two occasions; that she advised him she had made a settlement of the litigation in the partition suit and then requested him to draw the contract.

From a careful examination of the record on the motion to strike this court reaches the same conclusion as that of the trial court. We conclude that the issues in this case were settled by the parties prior to the death of Sarah Maude Crow, and that the settlement was in all respects valid. It is therefore unnecessary and improper for us to consider the other specifications of error which relate to the merits of the action.

The judgment is affirmed.