In re Norman Francis RICE, Justine Regina Rice d/b/a Rice's Remodeling, Debtors.

Bankruptcy No. 82–40478.

United States Bankruptcy Court, D. Kansas.

Aug. 17, 1982.

M.W. Farmer, Topeka, Kan., for debtors.

Dale L. Somers of Eidson, Lewis, Porter & Haynes, Topeka, Kan., for creditor, Kaw Valley State Bank & Trust Co.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

The debtors have exempted a 1955 Chevrolet one ton truck and seek to avoid a lien on the truck, asserting it is a tool of the trade.

The issue presented for determination is:

Can the debtors avoid the nonpossessory nonpurchase money lien on their 1955 Chevrolet truck.

Briefs have been submitted and the matter is ready to be resolved.

## FINDINGS OF FACT

The debtor owns a 1955 Chevrolet one ton truck. The creditor has a nonpossessory nonpurchase money lien on the truck. The debtor uses the truck solely in connection with his house remodeling business to haul materials and transport employees between job sites. The truck has not been modified to make it specially suited for such a task.

## CONCLUSIONS OF LAW

K.S.A. § 60–2304 (Supp.1980) provides:

**432**

*Every person residing in this state shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state the following articles of personal property:*

   \*    \*    \*    \*    \*    \*

*(3) One means of conveyance regularly used for the transportation of the person or for transportation to and from the person's regular place of work.*

   \*    \*    \*    \*    \*    \*

*(5) The . . . tools . . . regularly and reasonably necessary in carrying on the person's profession, trade, business or occupation . . . .*

■ Kansas has granted exemptions from execution in personal property since many years before the automobile was invented, but it was not until 1965 that the exemption statutes were amended to allow a specific exemption of the automobile. Ch. 357, § 1 [1965] Kan.Sess.Laws (codified at K.S.A. § 60–2304(3) (Supp.1980)). Kansas cases have allowed an automobile to be claimed exempt as a tool of trade, though these cases all construed past exemption statutes that provided no express exemption for an automobile simply as a means of conveyance. See *Foster v. Foster,* 144 Kan. 528, 61 P.2d 1350 (1936); *Hoxie State Bank v. Vaughn,* 137 Kan. 648, 651, 21 P.2d 356 (1933); *Printz v. Shepard,* 128 Kan. 210, 276 P. 811 (1929); *Dowd v. Heuson,* 122 Kan. 278, 252 P. 260 (1927); *Wickham v. Traders State Bank,* 95 Kan. 657, 149 P. 433 (1915). While the Court has no doubt that in certain circumstances a motor vehicle in Kansas could be a tool of trade, it also seems clear, like the federal exemption in § 522(d)(2), (6), that Kansas

> [i]n providing for separate exemptions for tools of trade and a motor vehicle . . . clearly did not intend that a motor vehicle _automatically_ qualify as a tool of trade.

*In Re Meyers,* 2 B.R. 603, 5 B.C.D. 1306, 1307 (Bkrtcy.E.D.Mich.1980). (emphasis added) Thus the Court would require a showing that the automobile was in fact a tool of trade and not just a means of conveyance.

■ Furthermore, the general rule is that,

> a car is classified as a tool of trade only if the occupation of its owner is uniquely dependent on its use. It is not sufficient if one's dependence on the car is limited to use for travel to and from work.

*In Re Dubrock,* 5 B.R. 353, 6 B.C.D. 771 (Bkrtcy.W.D.Ky.1980). This Court has required that the vehicle be uniquely suited for the use to which it is put. *In Re Wilder,* Case No. 82–40730 (D.Kan. May 7, 1982) at 4.

■ The Court believes Congress intended that generally, liens on motor vehicles would not be avoidable under § 522(f), see *In Re Curry,* 18 B.R. 358, 8 B.C.D. 1109 (Bkrtcy.N.D.Ga.1982), except in those unique and rare situations when the vehicle was clearly a tool of trade and clearly not a means of conveyance such as in the case of a combine, see *Cantrell v. Molz-Frick Implement Co. of Wichita,* 278 F.2d 546 (10th Cir.1960), and where both parties to the loan transaction considered the secured property a tool of the trade, a piece of equipment, and not a means of conveyance.

■ Though in one older case the Kansas court held mere use as transportation to and from work qualified an automobile as a tool of trade, *Foster v. Foster,* 144 Kan. 528, 532, 61 P.2d 1350 (1936), this was actually dicta because the court had already determined an automobile was a "wagon" and exempt under a different subsection of the exemption statute. Id. at 530, 531, 61 P.2d 1350. Also, *Foster* was decided before a specific exemption for an automobile as a means of conveyance was legislated. Therefore this Court believes Kansas now follows the general rule that use of an automobile to and from work does not in and of itself classify an automobile as a tool of trade.

■ Though, in the instant case, the debtor testified the truck in question is used only in his business to haul materials and transport employees, the Court finds the truck is not in any way uniquely suited for these uses. As the debtor testified, there are no modifications on the truck making it

uniquely suited. It is simply an ordinary 1955 one ton pickup truck, no different than the thousands of pickup trucks on the road today that can be and are used to convey their passengers. The Court believes the truck is a means of conveyance to transport the debtor, his material and his employees. The conveyance is in connection with work but K.S.A. § 60–2304(3) provides essentially two exemptions: the first is a means of conveyance for the debtor's transportation and the second is a means of conveyance to and from the debtor's place of work. The Court simply holds the truck is used and is exempt as a means of conveyance, for the debtor's transportation, and finds it immaterial that the truck is only used in connection with work. If the debtor primarily uses the vehicle for transportation purposes, that is using it to get from one place to another, it is exempt as a means of conveyance and not a tool of trade. Therefore, because the truck is not an exempt tool of trade, the lien cannot be avoided under § 522(f)(2)(B).

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 752 and Rule 52(a) of the Federal Rules of Civil Procedure.