## In re DAY.

(District Court, M. D. Tennessee. May 8, 1909.)†

No. 1,909.

BANKRUPTCY (§ 140*)—ASSETS—INSURANCE POLICIES—TRUST PROPERTY.

On a petition filed by the trustee in bankruptcy to review an order of the referee holding that the proceeds of certain life insurance policies taken out by the bankrupt in favor of his wife, which did not accrue until after his death, belonged to the wife, *held*, that they did not constitute a trust fund held by her for the benefit of herself and children, free from the claims of the creditors of the firm, in which the husband and wife were partners, under Acts Tenn. 1897, c. 82.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 225; Dec. Dig. § 140.*]

In the matter of Mary Day, bankrupt. On petition of receiver to review an order of the referee. Reversed, with directions.

W. H. Williamson, for trustee.
W. S. Lawrence and W. D. Covington, for bankrupt.

SANFORD, District Judge. I am of opinion that the proceeds of the life insurance policies in question are subject to the claims of the creditors of the firm of which Mrs. Day, the bankrupt, was a partner, and do not constitute a trust fund held by her for the benefit of herself and children, free from the claims of such creditors.

1. It is unnecessary to determine whether the proceeds of the policies taken out by R. E. Day on his life in favor of his wife, which did not accrue until after his death, at a time when she was a feme sole, became her technical separate estate under the doctrine stated in Southern Insurance Co. v. Booker, 9 Heisk. (Tenn.) 606, 618, 24 Am. Rep. 344, and Scobey v. Waters, 10 Lea (Tenn.) 551, 562, the force of which is perhaps indirectly impaired by the subsequent case of Handwerker v. Diermeyer, 96 Tenn. 619, 36 S. W. 869.

Whether the proceeds of such policies constitute either a general or separate estate of Mrs. Day, they are subject to the claims of the firm's creditors under the provisions of chapter 82 of the Acts of Tennessee of 1897. It was held by the Supreme Court of Tennessee in 1893, in Theus v. Dugger, 93 Tenn. 41, 23 S. W. 135, that, where a married woman had embarked her separate estate in a mercantile business as a partner, she was not bound by a note executed for partnership purposes in the name of the firm, so that a personal judgment could be rendered against her on such note, over her plea of coverture, or so that her separate estate so embarked in the business could be subjected to the payment of such note in the absence of an express contract to that effect. Shortly afterwards the act of 1897 was passed, which provided that:

"When married women are engaged in the mercantile or manufacturing business in their own names, or by an agent, or as partner, they shall be liable for the debts incurred in the conduct of such business as if they were feme soles, and no plea of coverture will avail in such cases."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Received for publication February 22, 1910.

While this statute is to be strictly construed as one in derogation of the common law, nevertheless, even when thus construed, it plainly makes all the property of a married woman liable for the partnership debts exactly as if she were unmarried, so that not merely her general estate, but also her technical separate estate, is subject to their payment. If it had been intended merely to remove the defense of coverture in a suit upon such debts, and to render only her general estate liable to be taken in satisfaction therefor, manifestly nothing would have been necessary in the act other than the provision that in suits upon partnership debts no plea of coverture would avail, and the further provision that such married women should "be liable for the debts incurred in the conduct of such business as if they were feme soles" would be entirely superfluous.

Clearly, therefore, as all of the property of a feme sole would be liable for the firm debts, by the express terms of the statute all the property of a married woman must be equally liable. This construction is in accord with the rule stated in 21 Cyc. 1466, that:

"When power is given a married woman by statute to carry on a trade or business on her separate account, she may contract debts in relation to such business, and she personally, if the statute so provides, or at least her separate property, will be liable for the same."

The case of Burk v. Platt, 88 Ind. 283, 285, which is among those cited in support of this proposition, is directly in point. The question in that case was whether the separate real estate of a married woman was subject to sale upon an execution issued against her under a judgment upon a contract made during coverture in carrying on business as the member of a firm. Under an Indiana statute all lands of a married woman were made her separate estate. The court said:

"The course of legislation is decidedly in the direction of enlarging the property rights of married women, and these enlarged rights necessarily carry with them increased liabilities. By section 5122, Rev. St. 1881, coverture is no bar to a married woman contracting debts in carrying on any trade, labor, or business on her sole and separate account, or as a partner with another. If she can contract such debts, it follows that their collection may be enforced; but if they can be enforced only against her personal property, to the exemption of her real estate, the power to contract debts in her trade or business would be greatly limited. Credit in commercial matters is based largely upon the ability of the debtor to pay his debts. Certainly the Legislature did not intend to confer upon married women the power to contract debts for the purposes of their trade or business, and at the same time greatly to impair their credit by making their personal property only subject to execution to satisfy such debts. We think it must be held, in all cases where a married woman may contract a debt, that her property, real as well as personal, is liable for its payment, the same as if she were unmarried."

By parity of reasoning, it must be held that in all cases where a married woman may under the Tennessee statute contract a business debt, her estate, both general and separate, is liable for its payment, as if she were unmarried.

2. Sections 2294 and 2478 of the Code of Tennessee of 1858 (Shannon's Code, §§ 4030, 4231), providing that any insurance effected by a husband on his own life shall inure to the benefit of the widow and children free from claims of his creditors, do not, where the husband effects the insurance on his own life for the benefit of his wife as bene-

ficiary, create a trust fund in favor of the wife and children as a family, which cannot be reached by her creditors. While it is true that in the case of Harvey v. Harrison, 89 Tenn. 470, 14 S. W. 1083, in which these statutes were considered, it was said that the purpose of these enactments was to enable the husband or father to provide a fund after his death for his family, the question there involved was merely whether a policy taken out by the husband on his own life in favor of his wife became subject to the claims of his creditors because the children were not also named as beneficiaries in the policy, and the only point decided was that the proceeds of such policy, when collected by the wife, were free from the claims of his creditors. The question as to the capacity in which she held such proceeds, whether as her general or separate estate, or in trust for herself and the children, was neither involved in the case nor referred to in the opinion.

It is clear, however, that the statutes in question relate only to exemption from liability for the debts of the husband, and in no way create any exemption from liability for the debts of the beneficiaries themselves as named in the policies.

3. As it appears that the petition for adjudication in bankruptcy was filed against Mrs. Day, as surviving partner of Day & Co., and neither the stipulated facts nor the referee's certificate show that there are any of her individual creditors whose claims are involved, it is unnecessary at this time to pass upon their rights, if, any, in the proceeds of the policies.

4. An order will accordingly be entered, overruling the order made by the referee in reference to the policies, and directing that the proceeds thereof, now in the hands of the Nashville Trust Company, be turned over to the trustee in this cause, to be distributed for the benefit of the creditors of the firm of R. E. Day & Co.