**In the Matter of Glen and Janene GOOSEY, Debtors.**

**Glen and Janene GOOSEY, Plaintiffs,**

**v.**

**McDONALD STATE BANK, Defendant.**

**Bankruptcy No. BK80–427.**
**Adv. No. A80–287.**

United States Bankruptcy Court, D. Nebraska.

April 13, 1981.

Vincent M. Powers, Lincoln, Neb., for Goosey.

Stan Wilson, Lincoln, Neb., for McDonald State Bank.

## MEMORANDUM OPINION

DAVID L. CRAWFORD, Bankruptcy Judge.

This case presents the question of when an automobile may be considered a tool of the trade for the purpose of lien avoidance.

Glen Goosey, the debtor, is an insurance salesman for National Farmer's Union Insurance. A large number of his clients are farmers living in out-state Nebraska in areas not serviced by public transportation. In connection with his work, Mr. Goosey is required to submit property photographs and accomplish on-farm inventories and claim adjustments. Approximately 90% of the vehicle use is the product of the debtor's business activities. Further, the parties agree that should the use of this vehicle be lost, Mr. Goosey must obtain a replacement vehicle or be prevented from selling insurance for his current employer.

It is the position of the debtor that the automobile he uses to service his farmer-clients is a tool of his trade and is, therefore, exempt under § 522(d)(6). Defendant McDonald State Bank contends that the vehicle upon which it holds a non-possessory, non-purchase money security interest is not a tool of the trade, an instrument used by and necessary to the carrying on of Mr. Goosey's insurance activities.

The debtor's use of the vehicle in his business is extensive. Of the 90,000 miles registered on the car, approximately 81,000 miles have been devoted to insurance sales activities. Courts have considered similarly extensive use of vehicles sufficient to find trade usage. *In re Pioch*, 235 F.2d 903, 908 (3d Civ. 1956) (37,000 mi. in 15 mos.). *In re Bailey*, 172 F.Supp. 925 (D.Neb.1959), (90% of truck use on painting contractor work for which a trade exemption was claimed). The only question remaining, therefore, is whether the automobile is a necessary adjunct to the debtor's trade.

The Bank contends that loss of this form of transportation will not prevent the debtor's continuing his trade of selling insurance. It suggests that alternate transportation may be obtained or that the debtor could restrict his sales area. While it is conceivable that Mr. Goosey could go anywhere he were licensed to sell insurance, the case law does not support such a harsh result. Both parties to this action agree that the automobile is necessary if the debtor is to work for his present employer. Necessity to present employment and not to some theoretical future employment is the appropriate standard. The painter in *Bailey* could have painted anywhere. He occasionally hired out as a journeyman, a painter who does not furnish any tools or equipment and therefore would not require a vehicle for his trade. The court did not, however, require Bailey to work as a full-time journeyman, the analogous position this Bank would have Mr. Goosey assume. Rather, the debtor was allowed to continue in his present occupation, claiming his vehicle as a necessary tool of the trade.

Defendant's only other objection is that the vehicle has in no way been modified to make it uniquely suited to selling insurance. While the *Bailey* court detailed vehicle modifications, its holding did not rest on that issue. It is the use and necessity of the vehicle itself and not its modifications which determine its status as a tool of the trade.

Mr. Goosey's 1976 Oldsmobile is used in and is necessary to his trade of insurance salesman and is accordingly exempt.