In re Robert Joseph **MEANY**, Patricia Marie Meany, Debtors.

**Bankruptcy No. 82–20183.**

United States Bankruptcy Court, D. Kansas.

Dec. 21, 1982.

**4**

[redacted]

John R. Cochran, Olathe, Kan., for debtors.

Geoffrey E. Lind, of Lind & Lind, Kansas City, Kan., for creditor, Bank.

Donald E. Bucher, Kansas City, Kan., Trustee.

MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

Now on this 22nd day of September, 1982, comes on for consideration the debtors' Motion to avoid the lien of Farmers Bank and Trust Company of Gardner, Kansas on their 1977 Ford Thunderbird. The debtors contend that the lien is avoidable under 11 U.S.C. § 522(f)(2)(B) as a tool of trade within the meaning of K.S.A. 60–2304(5) because Meany uses the car to transport potential buyers in her employment as a real estate agent.

This Court places particular reliance on three recent decisions of Judge James A. Pusateri of this district. See *In re Scott,* 81–40336, February 11, 1982; *In re Wilder,* 81–40730, May 7, 1982; and *In re Rice,* 82–40478, August 30, 1982. In all three cases Judge Pusateri found that the liens were not avoidable because the vehicles were not tools of trade.

Of course, whether or not a vehicle is a tool of trade must be decided case by case after considering all the facts and circumstances. However, Judge Pusateri's rationale is applicable herein. Judge Pusateri started with the premise that vehicles generally are not tools of trade in Kansas, since the Kansas legislature, like Congress, provided separate exemptions for tools of trade and means of conveyance. But when the occupation is uniquely dependent on the use of the vehicle; when the vehicle is modified to make it specifically suited for such a task; and when the vehicle is not primarily used to travel to and from work, the vehicle may be a tool of trade.

Here the debtors allege that Patricia Meany's occupation as a real estate agent is uniquely dependent on the use of the car because buyers expect the agent to drive them to sites. While the common practice may be for agents to drive, the debtors have not demonstrated that Patricia Meany cannot continue in her occupation without the use of this car. Moreover, there is no evidence that the car has been modified to make it specifically suited to carry clientele; nor is there evidence that the car is primarily used as a means of conveyance.

This Court is well aware of Judge Deitz's decision in *In re Dubrock,* 6 B.C.D. 771, 5 B.R. 353, 2 C.B.C.2d 776 (W.D.Ky.1980) that a real estate agent's car was a tool of trade. However, considering the instant facts, the better view herein is that this car is not a tool of trade.

This Court is mindful of the resulting inconvenience to Patricia Meany if the Bank ever reclaims the car. However, mere inconvenience is not enough to strip the Bank of its duly bargained for lien. This Court hesitates to open the floodgates to allow potentially inconvenienced debtors to avoid liens on their cars. Section 522(f) was meant to be strictly construed.

IT IS THEREFORE, BY THE COURT, ORDERED That the Debtors' Motion to Avoid the Lien be and the same is hereby DENIED.