**In the Matter of John A. STULTZ and M. Ellen Stultz ind. and f/d/b/a Joel Enterprises and John A. Stultz Moving and Storage, Debtors.**

**UNITED STATES NATIONAL BANK IN JOHNSTOWN, Plaintiff,**

v.

**John A. STULTZ, M. Ellen Stultz and Mark A. Gregg, Esq., Trustee, Defendants.**

Bankruptcy No. 83–1509.
Motion No. 83–086M.

United States Bankruptcy Court,
W.D. Pennsylvania.

March 13, 1984.

James R. Walsh, Johnstown, Pa., for debtor (defendant).

Gilbert E. Caroff, Johnstown, Pa., for U.S. Nat. Bank, Johnstown, Pa. (plaintiff).

Mark A. Gregg, Johnstown, Pa., Trustee.

**MEMORANDUM OPINION**

GERALD K. GIBSON, Bankruptcy Judge.

Presently before the Court is a Complaint for Relief from Stay wherein Plaintiff, *inter alia*, seeks authorization to sell certain of Debtors' motor vehicles in order to satisfy its indebtedness. In response thereto, Debtors argue that two of the aforementioned vehicles are tools and implements of Debtors' trade, and as such, Plaintiff's nonpossessory, nonpurchase-money security interests therein are avoidable pursuant to § 522(f)(2)(B).

While the parties have submitted briefs in regard to numerous issues presented in the complaint, the Court wishes to confine its present determination to the issue of "tools of the trade" for purposes of § 522.

The facts are briefly as follows. Debtors are sole proprietors engaged in the moving and storage business, as well as the purchase, resale and delivery of used furniture and antiques. At the time of filing, Debtors were the owners of a 1972 International Truck and a 1977 Chevrolet Truck. Some months prior to the filing, Debtors borrowed the sum of $7500 from Plaintiff and executed an Installment Loan Note and Security Agreement. To secure the obligation, Plaintiff placed a lien upon the titles of the aforementioned vehicles.

In its complaint, Plaintiff alleges that Debtors' account is delinquent. Plaintiff

further alleges that the unpaid balance on the account exceeds the combined fair market value of the two vehicles. In their answer, Debtors allege that the account was current at the time of Plaintiff's filing of the complaint for relief from stay. Debtors seek the entry of an order avoiding Plaintiff's security interests in the vehicles and declaring the same to be held free and clear thereof.

In their brief, Debtors allege as follows. The 1972 International is a moving van, and the 1977 Chevrolet is a delivery truck. Both are used on a regular basis in the activities of Roof Garden Moving and Storage. Both are claimed as exempt, and the Debtors seek, via counterclaim, to avoid the Plaintiff's nonpossessory, nonpurchase-money security interests in the same pursuant to § 522(f)(2)(B). Debtors cite extensive case law in support of their argument that a motor vehicle can be a tool of the trade if necessary to the debtor to carry on his business. Debtors also rely upon the Third Circuit case of *Augustine v. United States* 675 F.2d 582 (3d Cir.1982).

In its brief, Plaintiff argues that its nonpossessory, nonpurchase-money security interests in the 1972 and 1977 vehicles should not be declared exempt under § 522(f)(2)(B), for as a matter of law, a motor vehicle cannot be an implement or tool of the trade. Plaintiff further argues that even if a motor vehicle could be considered as a tool or implement of the trade, Debtors must still prove the motor vehicles to be used in effecting essential functions of a trade in which Debtors are actually engaged.

An examination of the case law reveals authority for both positions. It has been held that the phrase "tools of the trade" for purposes of § 522(f) does not include motor vehicles. *In re Steele* 8 B.R. 94, 3 C.B.C.2d 598 (Bkrtcy.S.Dakota 1980). Further, it has been stated that a reasonable construction of § 522(f) only permits avoidance of a security interest in hand tools and small implements with nominal commercial resale value. *In re O'Neal* 20 B.R. 13 (Bkrtcy.E.D.Mo.1982); *In re Yparrea* 16 B.R. 33 (Bkrtcy.New Mex.1981).

However, numerous courts have reached different conclusions. It has been frequently held that for purposes of § 522(f), a motor vehicle may be a tool of the trade if necessary to and used by the debtor to carry on his trade. *In re Eagan* 16 B.R. 439, 8 B.C.D. 762 (Bkrtcy.N.D.N.Y.1982); *In re Goosey* 10 B.R. 285 (Bkrtcy.D.Nebraska, 1981); *In re Dillon* 18 B.R. 252 (Bkrtcy.E.D.Cal.1982); *In re Langley* 21 B.R. 772 (Bkrtcy.Maine 1982).

The Court now turns to the case of *Augustine v. United States* 675 F.2d 582 (3d Cir.1982), as cited by both parties in their briefs. Debtor therein claimed as exempt items of farming equipment (including an Allis Chalmers 198 XT Tractor valued at $6,500) which concededly constituted "tools of the trade." The Farmers Home Administration of the United States Department of Agriculture held a perfected nonpossessory, nonpurchase-money security interest in all farm tools and implements claimed as exempt by debtors. In response to a complaint for relief from the automatic stay filed by the United States, debtors filed a complaint seeking avoidance of the liens of the U.S.

While the narrow issue on appeal was the extent to which a debtor may aggregate exemptions under various provisions of Section 522(f) for purposes of lien avoidance, the Third Circuit stated as follows with regard to "tools of the trade":

In citing the House Report, the United States fails to note that not only may debtors avoid nonpossessory, nonpurchase-money security interests in the sort of personal household items listed in Subsection (f)(2)(A) and specifically mentioned in the report, but that such security interests are also avoidable with respect to tools of the trade specified in Subsection (f)(2)(B). While not making mention of them in the Report, Congress could not have been unaware that such tools might well be more expensive than ordinary household goods. (p. 586).

Further, a footnote to the above quoted passage states as follows:

7. For a list of cases finding that even automobiles, vans, or trucks may be exempt as tools of trade, see *In re Seacord* 7 B.R. 121, 123–4 (Bkrtcy.W.D.Mo.1980) . . .

In light of the above, the Court concludes that motor vehicles can be considered "tools or implements of the trade" for purposes of § 522(f). However, the Court reserves its determination as to the vehicles here in issue pending Debtors' presentation of evidence that the trucks are necessary for and used in connection with Debtors' business.

An appropriate order will be entered.