**In re Joseph WEINSTEIN and Arlene Weinstein, h/w Debtors.**

**Bankruptcy No. 83–03444K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 31, 1984.

Harold Kaplan, Philadelphia, Pa., to debtors.

James Wade, Philadelphia, Pa., Trustee.

Robert Lapowsky, Philadelphia, Pa., to Public Finance Consumer Discount Co.

---

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue at bench is whether an automobile used by a debtor in his occupation as an insurance salesman is a tool of the trade. The question is presented on the debtor's motion to avoid a creditor's security interest in the vehicle pursuant to § 522(f)(2)(B) of the Bankruptcy Code ("Code"). 11 U.S.C. § 522(f)(2)(B). For the reasons stated herein, we will grant the debtor's motion.

The facts of the case are as follows:[1] In 1983, Joseph and Arlene Weinstein ("debtors") filed a petition for relief under Chapter 7 of the Code. Among their scheduled personal property was a 1974 Chevrolet automobile ("vehicle"). The vehicle, which had a value of $500.00, was subject to a nonpossessory, nonpurchase-money security interest in the amount of $2,250.00 held by Public Finance Consumer Discount Company ("creditor"). At the time of the filing of the petition, Mr. Weinstein was employed as a salesman by an insurance company. Six (6) weeks later, he left its employ, and began to sell insurance on a free-lance basis through an agency. Mr. Weinstein uses the vehicle in his capacity as an insurance salesman, and the debtors claimed it as exempt property under the Code's § 522(d)(6) tool of the trade provision. The debtors subsequently filed a motion to avoid the creditor's lien pursuant to § 522(f)(2)(B) of the Code.

Section 522 of the Code provides in pertinent part:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been enti-

tled under subsection (b) of this section, if such lien is—

> \*   \*   \*   \*   \*   \*

> (2) a nonpossessory, nonpurchase-money security interest in any—

> \*   \*   \*   \*   \*   \*

> (B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor[.]

> \*   \*   \*   \*   \*   \*

11 U.S.C. § 522(f)(2)(B).

Therefore, in order to prevail on a § 522(f)(2)(B) motion, the debtors must establish that the creditor's lien is a nonpossessory, nonpurchase-money security interest, and that the vehicle qualifies as a tool of the trade. Although the nature of the lien is not in dispute, the creditor challenges the debtors' characterization of the vehicle as a tool of the trade.

In opposing the exemption, the creditor argues that the § 522(f) lien avoidance provision was intended to eliminate threats by creditors who take security interests in debtors' household goods and tools for their coercive, as opposed to inherent, value to the creditors.[2] The creditor contends that Congress did not intend to include large items, such as motor vehicles, within the scope of the provision.

The United States Court of Appeals for the Third Circuit rejected a similar argument in the context of a "spillover exemption" discussion in *Augustine v. United States*, 675 F.2d 582 (3d Cir.1982). There, the Court observed that Congress could not have been unaware of the greater value of tools, in contrast to household goods, and noted that a number of cases had found even motor vehicles to be exempt as tools of the trade.

A motor vehicle is considered a tool of the trade if it is necessary for and used

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

2. H.Rep. No. 95–595, 95th Cong., 1st Sess. 126–127 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5963.

by the debtor to carry on his trade. *Dempsey v. Household Finance Corp. (In re Dempsey)*, 39 B.R. 561 (Bankr.E.D.Pa. 1984); *United States National Bank v. Stultz (In re Stultz)*, 38 B.R. 186 (Bankr. W.D.Pa.1984); *Associates Commercial Corp. v. Dillon (In re Dillon)*, 18 B.R. 252 (Bankr.E.D.Cal.1982); *Eagan v. Household Finance Corp. (In re Eagan)*, 16 B.R. 439 (Bankr.N.D.N.Y.1982); *Bechen v. Livestock State Bank (In re Bechen)*, 11 B.R. 939 (Bankr.D.S.D.1981). Specifically, a tool of the trade exemption has been recognized for a motor vehicle used by a debtor in his capacity as a seller of insurance or real estate. *Goosey v. McDonald State Bank (In re Goosey)*, 10 B.R. 285 (Bankr.D.Neb. 1981); *Credithrift of America, Inc. v. Dubrock (In re Dubrock)*, 5 B.R. 353 (Bankr. W.D.Ky.1980).

■ As we stated above, Mr. Weinstein uses the vehicle at issue in his occupation as an insurance salesman which, he testified, involves contact with clients throughout Pennsylvania.[3] The *Dubrock* Court noted the real estate salesman's need for "constant and immediate access to reliable transportation." 5 B.R. 353. We perceive a similar need in the context of insurance sales. Because we conclude that Mr. Weinstein's use of the vehicle is necessary to carry out his duties as an insurance salesman and that the vehicle is, therefore, a tool of the trade, we will grant the debtors' motion to avoid the creditor's lien.

■ A further issue is raised by the creditor who maintains that the instant proceeding should have been instituted by the filing of a complaint, rather than a motion. An action by a debtor to avoid a lien pursuant to § 522(f) of the Code is a contested matter, as opposed to an adversary proceeding, and is properly commenced by the filing of a motion. Bankruptcy Rule 4003(d).

**3.** As also indicated above, six (6) weeks after the filing of the petition, Mr. Weinstein left his employ as a salesman with an insurance company, and began to sell insurance on a free-lance basis through an agency. We reject the creditor's contention that Mr. Weinstein's current self-employed status precludes his claim of occupation of insurance salesman.