In re Wilma Sue HUFFINES, Ind., & f/d/b/a Huffines T.V. and Appliance Sales & Service, Debtor.

John C. McLEMORE, Trustee

v.

Wilma Sue HUFFINES, Linda D. Pryor and India Irene Brammer.

No. 2–84–0178.

United States District Court, M.D. Tennessee, Northeastern Division.

Jan. 25, 1985.

Edwin M. Walker, Nashville, Tenn., for plaintiff.

Dick Eason, Nashville, Tenn., for defendants.

## MEMORANDUM

MORTON, Senior District Judge.

This is an appeal from a decision of the bankruptcy court involving funds which were received by the debtor as proceeds of an insurance policy on the life of her husband. The bankruptcy judge held that said funds were liable for the debts of the debtor and that 11 U.S.C. § 522(d)(11)(C) does not exempt the life insurance receipts from the claims of the creditors.

 The court hereby adopts the decision of the bankruptcy court as fully as if copied verbatim herein as the decision of this court and dismisses the appeal. An appropriate order will be entered.

## APPENDIX

### ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This cause came on to be heard on July 31, 1984 on motion for summary judgment on issues 5, 6, 7, and 8 as set forth in the pre-trial order in this cause.

A. *Availability of exemption with respect to tools of the trade.* Wilma Sue Huffines ("Debtor") claimed as exempt certain shop inventory and tools of the trade owned by her late husband and used by him in his business of television and appliance repair. Debtor claimed these items were exempt pursuant to Tenn.Code Ann. § 26–2–111(4), which exempts:

The debtor's aggregate interest, not to exceed Seven Hundred Fifty Dollars ($750) in value in any implements, professional books or tools of the trade of the debtor or the trade of a dependent of the debtor.

There do not appear to be any Tennessee cases construing this exemption. However, in a case construing the similar provisions of 11 U.S.C. § 522(f)(2)(B), this Court stated:

If the debtor cannot establish that he is engaged in the trade of farming then he will not be entitled to his claimed exemptions. *In Re Holman,* 26 B.R. 110 (M.D., Tenn.1983).

A similar standard has been adopted in other cases. *See e.g., In Re Goosey,* 10 B.R. 285 (B.C.NEB.1981) ("Necessity to present employment and not to some theoretical future employment is the appropriate standard.") In the case at hand, the Debtor has stipulated that she is not engaged in the trade or business of T.V. and appliance repair. Under these circumstances, the exemption must be denied.

B. *The Homestead Exemption.* The Debtor owned a lot in Deltona, Florida, upon which she does not reside. Debtor has claimed the homestead exemption under Tennessee law with respect to this property. Tenn.Code Ann. § 26–2–301 creates a "homestead exemption upon real property which is owned by the individual and used by him, his spouse, or a dependent as a principle place of residence." While there are no cases from Tennessee courts construing this statute, it was addressed in detail in the case of *In Re Sivley,* 14 B.R. 905 (E.D.Tenn.1981). The Court in that case first noted that the statute imposes a residency requirement for the availability of the homestead exemption. It noted that exemptions are to be liberally construed to carry out their purposes. Whether a specific piece of property is a Debtor's "... principle residence depends both on the debtor's use and intent" *Id.* at 908. Applying this test to the case at hand, while the Debtor has every intention of using the property in the future as a place to retire, there is no house on the lot currently, and the Debtor has never resided there. It has been previously noted that the Tennessee statute dis-

criminates unfairly between the persons who own property used as their principal residence, and persons who rent property. *In Re Rhodes*, 14 B.R. 629 (M.D.Tenn. 1981). This case is another example of such unfairness since under its circumstances, this Court is unable to conclude that the property is used as a principle residence. Consequently, the claim of exemption must be denied.

C. *Exemption for Life Insurance Proceeds.* In a January or February, 1983, the Debtor received approximately $63,000 in life insurance proceeds as the result of the death of her husband in December, 1982. The Debtor has claimed that these life insurance proceeds in her hands are exempt either pursuant to Tenn.Code Ann. § 56–7–201 to § 56–7–203; 26–2–111(3); or 26–2–111(1)(C).

■ 1. *Exemptions Pursuant to Tenn. Code Ann. § 56–7–201 to 203.* These old sections of Tennessee law (Tenn.Code Ann. § 56–7–201 and 202 were part of the Code of 1858) generally provide that life insurance payable to a spouse or children of a decedent passes to such person without being subject to the debts of the decedent. Tennessee cases construing this exemption have held that it clearly benefits the surviving spouse, exempting all insurance proceeds from the claims against the spouse existing at the date of death. *See, e.g., Harvey v. Harrison*, 89 Tenn. 470, 14 S.W. 1083 (1891). However, equally venerable Tennessee case law holds that the proceeds of life insurance policies in the hands of a spouse are not exempt from claims of creditors of that spouse. That is, creditors of the spouse of a decedent may reach life insurance proceeds payable to such spouse on account of the death of the decedent to pay debts owed by the spouse. *See, e.g., In Re Day*, 176 F. 377 (M.D.Tenn.1909); *Sam Levy & Co. v. Davis*, 125 Tenn. 342, 142 S.W. 1118 (1911). See also "Rights to Creditors in Insurance—The Tennessee Exemption Statutes", 5 Vand.L.Rev. 769 (1952)

In view of the foregoing, it is clear that Tenn.Code Ann. §§ 56–7–201 to 203 do not provide any exemption for life insurance in the hands of this Debtor against her own creditors. Consequently, this exemption must be disallowed.

■ 2. *Exemption of Life Insurance Under Tenn.Code Ann. § 26–2–111(1)(C) and § 26–2–111(3).* Tenn.Code Ann. § 26–2–111(1)(C) provides an exemption for "A disability, illness, or unemployment benefit, or a pension that vests as a result of disability...". Plaintiff seeks to exempt the life insurance proceeds pursuant to this section. However, it is clear that life insurance cannot be construed as any of the specific items covered by that section.

■ Debtor also seeks to exempt life insurance proceeds pursuant to Tenn.Code Ann. § 26–2–111(3). That section exempts:

"A payment in compensation of loss of future earnings of the Debtor or an individual of whom the Debtor is or was a dependent, to the extent reasonably necessary for the support of the Debtor and any dependent of the Debtor."

It is intuitively appealing to attempt to construe payment under a life insurance contract as a payment in compensation of loss of future earnings. We naturally assume that one of the primary reasons for purchase of life insurance is the protection of our loved ones when we are no longer able to provide the income necessary for their support. Further, on the surface, it seems to be the best possible policy to insure the existence of a fund to support families which have lost a breadwinner, in order to keep them from insolvency in the first place, and to protect them from becoming wards of the state in that event. And it may well be that the General Assembly of the State of Tennessee thought that it was providing such an exemption in broad terms when it chose the language of Tenn.Code Ann. § 26–2–111(3). As a matter of statutory construction, exemptions are to be construed broadly to effectuate their purpose. *In Re Sivley*, supra.

However, there are specific reasons for rejecting this construction which overwhelm both good policy and intuitively

plausible construction. First, the specific language chosen indicates that the section is intended to exempt only payments which compensate one for loss of future earnings. It is true that from the perspective of the beneficiary, and perhaps even the perspective of the purchaser, life insurance is designed to replace future income. However, life insurance is designed to do many other things besides protect against loss of future income. These include debt reduction, payment for specific expenses such as college educations, payment to fund estates, payment to enable one partner to buy out the interest of another, and many others. In fact, life insurance is not payable when an insured loses the ability to earn money. Life insurance pays only in the event of death of the covered person. It is a cruel truth that a person who has died will not produce future earnings. Nevertheless, only a tortured reading of the statute will read in life insurance as "payment in compensation of loss of future earnings".

A stronger reason to find an intentional exclusion of life insurance is that 11 U.S.C. § 522(d)(11)(C) expressly provides for an exemption for life insurance proceeds on specific conditions. The Tennessee General Assembly was aware of that section when it drafted Tenn.Code Ann. § 26–2–111, and therefore can be presumed to have specifically rejected this concept. For that reason, the Debtor's claims of an exemption under Tenn.Code Ann. § 26–2–111 must be rejected.

This memorandum shall constitute findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

So ordered this 9th day of August, 1984.

/s/ Keith Lundin
Keith Lundin,
Bankruptcy Judge