**In re Manuel and Eva MONTANO, Debtors.**

**Bankruptcy No. 88 B 17672.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

March 24, 1989.

Sidney Sherman, Chicago, Ill., for debtors.

Clay Mosberg of Mosberg & Garwin, Chicago, Ill., for General Finance Corp.

## MEMORANDUM OPINION AND ORDER

JOHN D. SCHWARTZ, Chief Judge.

This case comes before the court on the motion of Manuel Montano and Eva Montano ("Debtors") to avoid the lien of General Finance Corporation ("GFC") on their 1979 Chevrolet Caprice automobile. GFC had moved the court to modify the automatic stay in order to permit GFC to repossess the automobile. GFC claims a balance due to it on the loan made to the Debtors of $4,673.46, substantially more than the automobile is worth.

The Debtors contend that they may avoid the lien under § 522(f)(2)(B) of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) on the ground that the automobile is a tool of the trade which they need to keep in order to make a fresh start. The only fact offered in support of this position is that Mrs. Montano has no other form of transportation available to and from her place of employment.

Under § 522(f)(2)(B), a debtor may avoid a lien to the extent that the lien impairs an exemption to which the debtor is entitled under applicable law provided that the lien is a nonpossessory, nonpurchase-money security interest. The Debtors claim the exemption under federal rather than Illinois state law. The Debtors apparently believe they are empowered to make this election. In some states they are. *See, In re Dillon,* 18 B.R. 252, 255 (Bankr.E.D.Cal.1982). In Illinois, they are not. Ill.Rev.Stat. Ch. 110 ¶ 12–1201. "The [Bankruptcy] Code expressly authorizes states to forbid their citizens to elect the federal exemptions." *In re Thompson,* 867 F.2d 416, 419 (7th Cir.1989). The exemption must be available under Illinois law.

Ill.Rev.Stat. Ch. 110 ¶ 12–1001(d) exempts a debtor's equity interest in tools of the trade of the debtor having a value of not more than $750. This is the exemption that the Debtor must be entitled to in order to claim the use of the avoiding provisions of § 522(f)(2)(B). According to the Debtors' theory, GFC's lien is on a tool of the trade of the Debtors and is thus avoidable under § 522(f)(2)(B).

Whether the automobile is a tool of the trade of the Debtors is to be decided under the Bankruptcy Code, which looks to Illinois law since Illinois has opted out of the provisions of § 522(d). In other words, Illinois law governs the entitlement to the exemption but we must look to bankruptcy law as to the avoidance of the lien on exempt property. It is § 522(f) of the Bankruptcy Code which establishes the rules governing which liens may be avoided.

The issue then is whether a vehicle can be a tool of the trade if its only use as a tool of the trade is to commute to and from the place of employment. The Seventh Circuit has established that the phrase "tools of the trade" is to be read narrowly. *In re Patterson,* 825 F.2d 1140, 1146 (7th Cir. 1987). The court described the purpose of the exemption as "to enable an artisan to retain tools of modest value so that he is not forced out of his trade." *Id.,* at 1146.

The parties have cited only one case to the court. This held that a debtor could not claim as a tool of his trade a vehicle which he used only to transport himself to and from his work. *Matter of Meyers,* 2 B.R. 603 (Bankr.E.D.Mich.1980). The Debtors argue that the case is distinguishable in that the court relied on the fact that the debtor had other means of transportation available. The court has found that argument rejected by other courts.

In *In re Rice,* 35 B.R. 431, 432 (Bankr.D. Kan.1982), the court stated that liens on motor vehicles would be avoidable only in the unique and rare situation in which the vehicle was clearly not a means of conveyance and where both parties to the loan transaction considered the vehicle a tool of the trade. In *In re Dubrock,* 5 B.R. 353,

354 (Bankr.W.D.Ky.1980), the court stated "Generally, a car is classified as a tool of the trade only if the occupation of its owner is uniquely dependent on its use. It is not sufficient if one's dependence on the car is limited to use for travel to and from work." In a companion case to *Dubrock, In re Damron*, 5 B.R. 357, 358 (Bankr.W.D.Ky.1980), the same court found that the debtor's claim that she had no other means to commute to her job did not make her car a tool of the trade. Neither party has produced an Illinois case and the court has found none.

In this court's opinion, a car cannot be a tool of the trade unless it is used in the trade for which it is claimed as a tool. For example, a knife sharpener would be able to claim his car equipped for that purpose as a tool of his trade. *See, Matter of Goosey*, 10 B.R. 285 (Bankr.D.Neb.1981). The court agrees with the opinions cited above that a car which is used only for commuting, even if the Debtor has no other means to commute, cannot be a tool of the trade.

NOW THEREFORE IT IS ORDERED that the Debtors' motion to avoid the lien of GFC is denied.