**In re Steven Eric BONDANK, and Jennifer Lea Bondank, Debtors.**

Bankruptcy No. 91–20737–7.

United States Bankruptcy Court, D. Kansas.

Aug. 13, 1991.

Ron D. McMorris, Merriam, Kan., for debtors.

David C. Seiter, Overland Park, Kan., trustee.

James E. Phelan, Kansas City, Kan., for Beneficial.

MEMORANDUM OPINION
AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the June 14, 1991 hearing on Debtors' Application to Avoid Lien on Exempt Personal Property with Beneficial Kansas. The Creditor, Beneficial Kansas, Inc., appeared by and through its attorney, James E. Phelan. The debtors, Steven Eric Bondank and Jennifer Lea Bondank, appeared by and through their attorney, Ron D. McMorris. The defendant, Steven Eric Bondank also appeared in person.

FINDINGS OF FACT

Based upon the pleadings and the record, this Court finds as follows:

1. That on April 11, 1991, the debtors, Steven Eric Bondank and Jennifer Lea Bondank (hereinafter "debtors") filed their pe-

tition for relief under Chapter 7 of Title 11, United States Code.

2. That the debtors listed on their Schedule B–4 under 11 U.S.C. § 522(d) a 1982 Buick Skylark valued at $500 and a 1983 Subaru wagon valued at $600.

3. That on April 22, 1991, the debtors filed their Application to Avoid Lien on Exempt Personal Property.

4. That the debtors wish to avoid a lien on the 1982 Buick Skylark, claiming the automobile exempt as a "tool of the trade," and alleging that the husband uses it in his business as a real estate appraiser.

5. That on June 14, 1991, this Court held a hearing on the Application to Avoid Lien on Exempt Personal Property. The parties agreed that the only dispute was with regard to exempting the lien on the 1982 Buick Skylark since the 1983 Subaru wagon had been surrendered to the creditor, Beneficial Kansas, Inc. (hereinafter "creditor".) The Court thereafter heard arguments and testimony with regard to the 1982 Buick Skylark; and took the matter under advisement.

## CONCLUSIONS OF LAW

Section 522(f) of Title 11 of the United States Code allows a debtor to avoid certain nonpossessory, non-purchase money security interests on the debtor's otherwise exempt property. Section 522(f) states in pertinent part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

In the case at bar, the debtors have attempted to avoid the lien on their 1982 Buick Skylark by claiming the vehicle as a "tool of trade" under the federal exemptions statute (§ 522(d)). This Court finds that since the State of Kansas has "opted out" of the federal exemptions, the Court must consider whether the vehicle qualifies as a "tool of trade" under the Kansas exemptions. See K.S.A. 60–2312; K.S.A. 60–2304.

The Court further finds that there is a split of authority amongst the circuits when determining whether a vehicle can be claimed exempt as a "tool of trade." Some courts have found that a vehicle qualifies as a "tool of trade" and therefore the lien may be avoided. See In re McNutt, 87 B.R. 84 (9th Cir. BAP 1988); Matter of Schneider, 37 B.R. 747 (Bankr.N.D.Ga. 1984); In re Weinstein, 44 B.R. 987 (Bankr.E.D.Pa.1984); Matter of Goosey, 10 B.R. 285 (Bankr.D.Neb.1981). Other courts have found that the vehicle may not be exempted as a "tool of trade." See In re Montano, 98 B.R. 390 (Bankr.N.D.Ill. 1989); In re Harrell, 72 B.R. 107 (Bankr. N.D.Ala.1987); In re Tofstad, 19 B.R. 34 (Bankr.D.N.D.1982); In re Steele, 8 B.R. 94 (Bankr.D.S.D.1980).

This District has also ruled on the issue. See In re Meany, 35 B.R. 3 (Bankr.D.Kan. 1982); In re Rice, 35 B.R. 431 (Bankr. D.Kan.1982). As this Court stated in In re Meany, whether a vehicle qualifies as a tool of trade "must be decided on case by case after considering all the facts and circumstances." Id. at 3.

In the case at bar, the debtor, Steven Eric Bondank, testified that he was employed as a real estate appraiser and needed a vehicle to travel to and from the properties in order to appraise them. The Honorable James A. Pusateri has found that "[i]f the debtor primarily uses the vehicle for transportation purposes, that is using it to get from one place to another, it is exempt as a means of conveyance and not a tool of trade." Rice, 35 B.R. at 432; See K.S.A. 60–2304(c) (a debtor is allowed to exempt his interest in "one means of conveyance regularly used for the trans-

**588**

portation of the person or for transportation to and from the person's regular place of work.") This Court agrees with Judge Pusateri's findings. Here, there has also been no evidence that the 1982 Buick Skylark had been modified to specifically suit the debtor's occupation. *Meany,* 35 B.R. at 4; *Rice,* 35 B.R. at 432.

Moreover, although the debtor needs a vehicle in order to perform his duties for his employer he has not proven that he needs the 1982 Buick Skylark. This Court has reviewed the file in this matter and has discovered that the debtors listed as exempt on their Schedule B-4:

"1982 Buick Skylark 9632 Walmer, O.P., KS personal use of wife"

"1983 Subaru Wagon 9632 Walmer, O.P., KS personal and business use of Husband"

The vehicle in question was not claimed by the debtor husband as exempt for his use as a tool of trade. The vehicle was claimed exempt by the wife for her personal use.

Thus, this Court finds that the debtors have not proven that the vehicle is exempt as a tool of trade. The Court is mindful of the inconvenience this will cause the debtor if the creditor decides to reclaim the car. However, "mere inconvenience is not enough to strip the [creditor] of its duly bargained for lien." *Meany,* 35 B.R. at 4. Furthermore, this Court is hesitant to open Pandora's Box to allow potentially inconvenienced debtors to avoid liens on their vehicles. *Id.*

IT IS THEREFORE, BY THE COURT ORDERED That the Debtors' Application to Avoid Lien on Exempt Personal Property in connection with the 1982 Buick Skylark be and the same is hereby DENIED.

IT IS FURTHER, BY THE COURT, ORDERED That judgment be for the creditor, Beneficial Kansas, Inc. in connection with the 1982 Buick Skylark and against the debtors, Steven Eric Bondank and Jennifer Lea Bondank.

This Memorandum shall constitute my Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.