In re Ronald Loren OLIEN, Karen Ann Olien, Debtors.

No. 00–32248.

United States Bankruptcy Court, E.D. Tennessee.

Dec. 5, 2000.

C. Edwin Shoemaker, Knoxville, TN, for debtors.

Gentry, Tipton, Kizer & McLemore, P.C., Maurice K. Guinn, Knoxville, TN, for Maurice K. Guinn, trustee.

## MEMORANDUM ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS

RICHARD S. STAIR, Jr., Chief Judge.

On September 21, 2000, Maurice K. Guinn, the Chapter 7 Trustee, filed his Objection to Claim of Exemptions ("Objection"). The Trustee disputes the Debtors' claim of exemptions under Tennessee law for the cash value of three life insurance policies.[1] The parties ask the court to resolve the issue of whether the cash value of a life insurance policy owned by an individual debtor and naming the debtor's spouse as primary beneficiary is exempt, pursuant to TENN.CODE ANN. § 56–7–203 (1994), when the beneficiary spouse is also a debtor in bankruptcy. All facts and documents essential to the resolution of this contested matter are before the court on a Joint Stipulations of Facts and Documents filed by the parties on November 1, 2000. Each party submitted a brief in support of its position on November 16, 2000, and the court heard oral argument on November 30, 2000.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(B) (West 1993).

## I

The Debtors, who are husband and wife, filed a joint petition under Chapter 7 on June 6, 2000. Among the property claimed exempt by the Debtors is the cash value of three life insurance policies, of which the parties have stipulated the following:

1. Lutheran Brotherhood Whole Life Insurance Policy No. 2181004 (which has a face amount death benefit of $100,-000.00) is owned individually by the debtor husband, Ronald Loren Olien. The Insured is Ronald Loren Olien. (The policy provides that the Insured is the owner unless another person is named as the owner in the Application, and the Application does not name a Third Party Owner.) The Primary Beneficiary is his wife, Karen A. Olien. The First Contingent Beneficiaries are his adult daughters, Kristi Olien and Lori Olien....

2. Lutheran Brotherhood Whole Life Insurance Policy No. 2253164 (which has a face amount death benefit of $25,-000.00) is owned individually by the debtor wife, Karen Ann Olien. The Insured is Karen Ann Olien. (The policy provides that the Insured is the owner unless another person is named as the owner in the Application, and the Application does not name a Third Party Owner.) The Primary Beneficiary is her husband, Ronald Olien. The First Contingent Beneficiaries are her adult daughters, Kristi Olien and Lori Olien....

3. Lutheran Brotherhood Whole Life Insurance Policy No. 2502706 (which has a face amount death benefit of $50,-000.00) is owned individually by the debtor wife, Karen Ann Olien. The In-

---

1. In his Objection, the Trustee states that "[t]he debtors are entitled to exempt the cash value of the three life insurance policies." However, the clear intention of the Trustee was to state that the debtors "are not enti-tled" to the exemptions. The Objection also disputed an exemption claimed by Mrs. Olien in $750.00 of business inventory. That dispute, however, was resolved by an Agreed Order entered on November 9, 2000.

sured is Karen Ann Olien. (The policy provides that the Insured is the owner unless another person is named as the owner in the Application, and the Application does not name a Third Party Owner.) The Primary Beneficiary is her husband, Ronald Olien. The First Contingent Beneficiaries are her adult daughters, Kristi Olien and Lori Olien. . . .

4. Each of the policies has cash surrender value. The Debtors have scheduled the cash surrender value of Policy No. 2181004 (which is subject to an approximately $30,000.00 loan) as $313.81. The Debtors have scheduled the cash surrender value of Policy No. 2253164 as $7,034.26. The Debtors have scheduled the cash surrender value of Policy Number 2502706 as $6,136.87.

## II

The filing of a Chapter 7 petition creates a bankruptcy estate, comprised in part of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a)(1) (West 1993). Debtors may, however, exempt certain property from the bankruptcy estate. See 11 U.S.C.A. § 522 (West 1993 & Supp.2000). The Bankruptcy Code provides that debtors may utilize either the exemptions listed in § 522(d) or those set forth by applicable state law, unless state law prohibits the use of the § 522(d) exemptions. See 11 U.S.C.A. § 522(b). The State of Tennessee has enacted such a prohibition, and its citizens in bankruptcy are thereby limited to the exemptions provided by Tennessee law. See TENN.CODE ANN. § 26-2-112 (1980).

■■■ Accordingly, the Oliens claim exemptions in the three life insurance policies based on TENN.CODE ANN. § 56-7-203, which provides:

The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person made for the benefit of, or assigned to, the spouse and/or children, or dependent

relatives of such persons, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after January 1, 1932, whether or not the right to change the named beneficiary is reserved by or permitted to such person.

TENN.CODE ANN. § 56-7-203 (1994). Section 56-7-203 applies to cash surrender values. See In re Clemmer, 184 B.R. 935, 937 (Bankr.E.D.Tenn.1995) (citing Newport v. Thurman (In re Thurman), 127 B.R. 401 (M.D.Tenn.1991)). The Debtors therefore contend that the cash value of each policy is wholly exempt from the claims of creditors of either spouse. The Trustee acknowledges that the cash values of the three policies are exempt from creditors of the insured Debtor–Owner, but argues that the exemption does not apply to the creditors of the Beneficiary–Debtor spouse.

The court agrees with the Trustee that § 56-7-203 does not provide an exemption for the Beneficiary–Debtors in this case. The relevant language of the statute makes the exemption applicable against "all claims of the creditors of such person." TENN.CODE ANN. § 56-7-203 (emphasis added). The singular "such person" refers to the person insured "under any policy of life insurance . . . upon the life of any person. . . ." Id. As the term relates to the insurance policies at issue in this case, "such person" is the Debtor insured under each policy. Id. In contrast, the plural "such persons" is used in § 56-7-203 to confine the section's applicability to policies "made for the benefit of . . . the spouse and/or children, or dependent relatives of such persons." Id. (emphasis added). There, the plural "such persons" refers to the spouse and/or children of the insured. Id.

The plain statutory language of § 56-7-203 therefore does not support the Debtors' interpretation. If the Tennessee Legislature intended for the exemption to stand against the creditors of the other

entities mentioned in the statute, it would have again employed the plural "such persons" to include the beneficiary spouse and/or children of the insured. *Cf. McLemore v. Huffines (In re Huffines),* 57 B.R. 740 (M.D.Tenn.1985) (holding that § 56–7–203 did not exempt life insurance proceeds paid to the debtor spouse against the claims of her own creditors).

In the present case, Policy Number 2181004 is owned by the Debtor Ronald Olien. Mr. Olien is the person insured by this policy. The primary beneficiary is his wife and the contingent beneficiaries are his two adult daughters. As the policy comports with the requirements of § 56–7–203, Mr. Olien may exempt the cash value of the policy from his individual and joint creditors. The § 56–7–203 exemption is not, however, available to exempt Mrs. Olien's potential interest in the policy from her individual creditors.

Similarly, Policy Numbers 2253164 and 2502706 are owned by the Debtor Karen Olien. Mrs. Olien is the person insured by both policies. The primary beneficiary is her husband and the contingent beneficiaries are her two adult daughters. As these two policies also comport with the requirements of § 56–7–203, Mrs. Olien may exempt the cash value of Policy Numbers 2253164 and 2502706 from her individual and joint creditors. The § 56–7–203 exemption is not, however, available to exempt Mr. Olien's potential interest in these two policies from his individual creditors.

### III

Having decided that the § 56–7–203 exemption is unavailable to either Beneficiary–Debtor, the court must now determine whether the Trustee can claim the cash surrender value of the insurance policies as a part of each Beneficiary–Debtor's estate.

The Oliens' joint petition was filed pursuant to § 302 of the Bankruptcy Code. That section provides in material part:

(a) A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse. . . .

(b) After the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated.

11 U.S.C.A. § 302 (West 1993).

 The estates of debtors filing a joint petition remain "in legal effect separate or several." *In re Nipper,* 243 B.R. 33, 39 (Bankr.E.D.Tenn.1999). The primary purpose of § 302 is efficiency of administration. *See Ohio Student Loan Comm'n v. Wilkinson (In re Winston),* 24 B.R. 474, 476 (Bankr.S.D.Ohio 1982). In a joint case, two separate estates are administered by one trustee in order to achieve more efficient estate administration. *See In re Cash,* No. 91–60968, 1994 WL 732826, at *1 (Bankr.N.D.Ohio Dec.15, 1994). "[A]bsent a Court Order to consolidate, joint administration has absolutely no impact on the legal rights and obligations of the Debtor, Creditors, or the Trustee." *Id.,* at *2 (quoting *In re McCulley,* 150 B.R. 358, 360 (Bankr.M.D.Pa.1993)).

 Under Tennessee law, it is well settled that non-owner beneficiaries of life insurance policies have "no vested right or interest in the policy but rather a mere expectancy." *Bell v. Bell,* 896 S.W.2d 559 (Tenn.Ct.App.1994). The insurance policies in this case reserve in each Debtor–Owner the exclusive right to change beneficiaries. "Where the wife is named beneficiary in the husband's insurance policy, her rights are the same as any other beneficiary and if the policy reserves the right to change the beneficiary, she obtains no vested interest during his lifetime." *Id.*

 Tennessee law and the terms of each policy therefore give the Oliens no right, as beneficiaries, to access the cash value of any policy owned by the other

spouse.[2] As there is no "legal or equitable interest" of either Beneficiary–Debtor as Beneficiary–Debtor in the cash value of any policy, the policies are not a part of either Beneficiary–Debtor's estate under § 541(a)(1).[3] An individual creditor of either Beneficiary–Debtor would have no right to the cash values outside of bankruptcy, and neither the Trustee nor the Beneficiary–Debtors' creditors may obtain rights greater than they would enjoy outside of bankruptcy. *See Cash,* at *2.

## IV

Because the Debtors as owners are entitled to exempt the cash values of the life insurance policies and because the Debtors as beneficiaries have no vested right or interest in the policies, the Trustee's Objection will be overruled in part and sustained in part. There will, however, be no benefit to the estate. An appropriate order will be entered.

**2.** As owners, each Debtor had the power to cash in or borrow against any policy owned by that Debtor at the commencement of the joint case. While the Trustee may have other rights with regard to each of the three policies, he may not step into the shoes of the Debtor–Owner to claim the cash values of the respective policies due to the § 56–7–203 exemption.

**3.** Section 541(a)(1) provides generally that "[t]he commencement of a case under section ... 302 ... of this title creates an estate ... comprised ... of ... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a)(1) (West 1993); *but see* § 541(a)(5)

which provides in material part that property of the estate also includes

> Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
>
> ....
>
> (C) as a beneficiary of a life insurance policy or of a death benefit plan.

11 U.S.C.A. § 541(a)(5) (West 1993). Here, the Debtors commenced their Chapter 7 case on June 6, 2000. Therefore, the 180th day after the commencement of the case fell on December 3, 2000.