# IN THE COURT OF APPEALS OF TENNESSEE AT KNOXVILLE
May 15, 2015 Session

## STATE BANK OF REESEVILLE v. MARY BETH SHEA, ET AL.

**Appeal from the Chancery Court of Hamilton County**
**No. 13-0672          Jeffrey M. Atherton, Chancellor**

_____

### No. E2014-02170-COA-R3-CV-FILED-JULY 28, 2015
_____

The plaintiff bank filed this action asserting that defendants fraudulently conveyed real property located in Tennessee in an effort to defraud the bank and to evade the collection of a Wisconsin state court judgment against defendant Mrs. Shea. The trial court granted the bank's motion for summary judgment, setting aside the conveyance as fraudulent and declaring the deed from Mrs. Shea to her father null and void. The defendants appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

Wilson C. Von Kessler, II, Chattanooga, Tennessee, for appellants, Mary Beth Shea and Luverne C. Hall.

Stephen D. Barham and Jeffrey W. Maddux, Chattanooga, Tennessee, for appellee, State Bank of Reeseville.

## OPINION

## I. BACKGROUND

This appeal arises out of construction loan agreements and a mortgage entered into in September 2009, between Reeseville 16, LLC, ("LLC"), a Wisconsin limited liability company, and State Bank of Reeseville ("Bank"), a Wisconsin banking corporation. LLC executed a Construction Loan Promissory

Note ("Note 1") with Bank wherein the company promised to pay the principal amount of $349,003.46, together with interest at a rate of 5% per annum, in eleven monthly payments of accrued interest, plus a final payment of the unpaid principal and accrued interest.

In order to secure all obligations of LLC to Bank arising from Note 1, as well as other obligations and liabilities arising out of credit previously granted, credit contemporaneously granted, and credit granted in the future by Bank, LLC also executed a real estate mortgage ("Mortgage") in September 2009. Moreover, as part of the above construction loan agreement and Mortgage, Mary Beth Shea ("Shea") and Ronald L. Shea, her late husband, entered into personal guarantees ("M. Shea Guaranty" and "R.L. Shea Guaranty") in September 2009, thereby jointly and severally guaranteeing payment of LLC's obligations to Bank. About three months later, LLC executed another Construction Loan Promissory Note wherein the company promised to pay to Bank the principal amount of $326,248.00, together with interest at a rate of 5% per annum, in eleven monthly payments of accrued interest.

Approximately two years following the execution of the construction loan agreements and Mortgage, Shea's husband committed suicide, leaving two life insurance policies with his wife as the beneficiary. Subsequent to the suicide, Bank filed foreclosure proceedings in a Wisconsin court against the mortgaged Wisconsin property and Shea for defaulting under the terms of the M. Shea Guaranty. After Shea failed to appear, the court entered a default judgment ("Wisconsin Judgment") in favor of Bank on October 12, 2012, ordering a judgment of foreclosure and sale of the Wisconsin property and payment of debt owed by Shea under the M. Shea Guaranty in the amount of $239,613.73, plus attorney fees and costs of collection.

Two months after Bank obtained Wisconsin Judgment, Shea purchased property located at 8828 Igou Gap Road, Chattanooga, Tennessee ("Property"), with proceeds from the life insurance policies. Subsequently, Shea quitclaimed Property to her father, Luverne C. Hall ("Hall"). In exchange for Property, Shea received $10.00 plus "love, affection, and support." As Shea has no other income, accounts, or assets of any kind, Bank asserts this home is her only asset from which satisfaction of the Wisconsin Judgment may be obtained.

Following the transfer, in September 2013, Bank simultaneously filed two actions: 1) Petition to Enforce Foreign Judgment against Shea; and 2) Complaint against Shea and Hall, alleging that Shea knew about Wisconsin Judgment, and therefore purchased and fraudulently transferred Property in an attempt to hide assets from collection efforts. Additionally, Bank filed an Abstract and Notice of Lien Lis Pendens against Property seeking to have the conveyance to Hall voided

or set-aside as a fraudulent transfer and/or to impose a constructive trust or equitable lien upon the described real estate in the amount of $120,000.

Ultimately, in May 2014, Bank filed a summary judgment motion against Shea and Hall alleging the fraudulent transfer of Property in an effort to defraud Bank and evade collection of Wisconsin Judgment. The trial court granted the motion on July 21, 2014, ordering inter alia that: Shea's transfer of Property to her father be set aside as a fraudulent conveyance pursuant to Tennessee Code Annotated section 66-3-301; and Property revert back to Shea as its owner in fee simple under the Warranty Deed. Shea and Hall filed this timely appeal.

## II. ISSUE

We restate the issue presented in this appeal by Shea and Hall as follows:

> Did the trial court properly find that the funds used by Shea to purchase her home were not exempt widow's assets under Tennessee Code Annotated section 56-7-203, and therefore Bank could collect upon the Property to satisfy debt owed.

## III. STANDARD OF REVIEW

Appellate review of the trial court's decision is de novo upon the record accompanied by a presumption of correctness of the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d). A trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Southern Constructors, Inc. v. Loudon Cnty. Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). We may only overturn the judgment of the trial court if there was an error of law or the preponderance of the evidence is otherwise.

## IV. DISCUSSION

Tennessee Code Annotated section 56-7-203 provides as follows:

> The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person made for the benefit of, or assigned to, the spouse and/or children, or dependent relatives of the persons, shall be exempt from all claims of the

- 3 -

creditors of the person arising out of or based upon any obligation created after January 1, 1932, whether or not the right to change the named beneficiary is reserved by or permitted to that person.

Tenn. Code Ann.§ 56-7-203. "Tennessee law generally provides that life insurance payable to a spouse or children of a decedent passes to such person without being subject to the debts of the decedent." *In re Huffines*, 57 B.R. 740, 742. (Bankr. M.D. Tenn. 1985). However, life insurance proceeds are not exempt from claims of creditors of the surviving beneficiaries. *Id*. Such was clearly illustrated in *In re Olien*, 256 B.R. 280 (Bankr. E.D. Tenn. 2000), where husband and wife named one another as beneficiaries of their individual life insurance policies. The court held the plain language of the statute supports the finding that the cash value of each policy is not exempt from the claims of creditors of either spouse. *Id.* at 282-83. *See LaForest v. Roberts*, No. 3:09-CV-204, 2010 WL 1223921 at *5 (E.D. Tenn. Mar. 24, 2010).

In this case, Bank is a direct creditor of Shea under the M. Shea Guaranty. Despite the fact that the basis of Wisconsin Judgment is debt that originated from the construction loan agreements and Mortgage, Shea's personal guarantee makes the policy benefits subject to the claims of Bank. Accordingly, Shea cannot claim exemption pursuant to Tennessee Code Annotated section 56-7-203.

## V. CONCLUSION

We affirm the decision of the trial court. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed to appellants, Mary Beth Shea and Luverne C. Hall.

_____
JOHN W. MCCLARTY, JUDGE

- 4 -